**Peter A. KELLER, Plaintiff,**

v.

**Lewis B. HERSHEY, Director of Selective Service, Local Board No. 108, Selective Service System; Local Board No. 46, Selective Service System, Defendants.**

**No. 69–503–Civ.**

United States District Court,
S. D. Florida.

June 16, 1969.

**688**

Myron Marks, Miami, Fla., for plaintiff.

William A. Meadows, Jr., U. S. Atty., Jose E. Martinez, Asst. U. S. Atty., Miami, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND FINAL JUDGMENT

CABOT, District Judge.

This cause came on to be heard upon complaint, answer, defendant's motion to dismiss, and plaintiff's motion for preliminary injunction, said motions being consolidated with the hearing on the merits of this action pursuant to Rule 65(a) (2), Federal Rules of Civil Procedure. The Court having considered the testimony and other proofs submitted and the advices of counsel, and being otherwise duly advised in the premises, makes the following findings of fact and conclusions of law:

I. The matter in controversy exceeds the sum of $10,000.00 exclusive of interest and costs and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, 2201 and 2202.

II. The following have been stipulated to by counsel:

A. This action was instituted in the United States District Court for the Southern District of Florida by plaintiff herein against defendants by his complaint duly filed April 28, 1969. Plaintiff is a registrant with Local Board No. 108, Norristown, Pennsylvania.

B. Plaintiff is a second year graduate student at the University of Miami, Graduate School. He seeks an order in the nature of mandamus and an injunction directing his local board and the other defendants to reclassify him I–S until the end of his academic year.

C. Plaintiff, who received an order from his Local Board No. 108 to report for induction on April 21, 1969, transferred his induction to Local Board No. 46 in Miami, Florida, where he presently resides. Plaintiff was scheduled to report for induction on May 1, 1969, which induction has been temporarily restrained by the court's order entered April 30, 1969,

D. After plaintiff was ordered to report for induction, he applied for and was denied a I–S deferment under the provisions of Section 6(i) (2) of the Military Selective Service Act of 1967.

E. Plaintiff can obtain no relief from the decision denying his request for a deferment within the Selective Service System and has no further avenue of relief within the Selective Service System.

F. Plaintiff has never been given a I–S classification.

G. Plaintiff has never had his induction postponed under the ɔs of Section 6(i) (2) of the Selective Service Act of 1948.

H. Plaintiff has never been deferred as a student under Section 6(h) of the Selective Service Act of 1948.

I. Plaintiff has never been granted a deferment under the provisions of Section 6(h) (1) of the Military Selective Service Act of 1967.

J. At the time plaintiff was ordered to report for induction he was satisfactorily pursuing a full-time course of instruction at the University of Miami, Graduate School, in Miami, Florida.

K. The defendants have waived the requirement of security bond related to the temporary restraining order heretofore entered.

 III. The complaint states a claim upon which relief may be granted and defendants' motion to dismiss is denied.

IV. Paragraph 6(i) (2) of the Military Selective Service Act of 1967 ["the Act"] provides for the I–S classification in the following language:

> Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier * * *.

The Selective Service System implements this provision by placing such registrants in the "I–S" classification. Plaintiff meets all the statutory requirements for and has requested the I–S classification; he does not fall within any of the exceptions set out in the Section. The local board has refused to comply with plaintiff's request, contrary to the express mandate of the Act.

 V. The Court holds that plaintiff Peter A. Keller, having received an order to report for induction, is entitled under the mandatory terms of Section 6 (i) (2) of the Military Selective Service Act of 1967 to a further student deferment, "I–S," until the end of his academic year as that term is defined under existing statutes and regulations. The Court so holds for those reasons ably expressed in Bowen v. Hershey, 410 F.2d 962 (CA1, March 26, 1969); Foley v. Hershey, 409 F.2d 827 (CA7, April 18, 1969); Carey v. Local Board #2, 297 F.Supp. 253 (District of Connecticut, Feb. 13, 1969); and Catano v. Local Board No. 94, Selective Service System, 298 F.Supp. 1183 (E.D.Pa., May 2, 1969).

 VI. Since the plaintiff has a clear statutory right to a "I–S" deferment, not subject to local board discretion, this Court finds that Section 10(b) (3) of the Act is not a bar to this Court's jurisdiction. Because the "I–S" is a mandatory classification, pre-induction judicial review is available to plaintiff, under the Supreme Court's opinion in Oestereich v. Selective Service System, 393. U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

It is, therefore, ordered and adjudged that:

1. Lewis B. Hershey as Director of Selective Service; Local Board No. 108, Selective Service System; and Local Board No. 46, Selective Service System, are hereby enjoined from inducting plaintiff Peter A. Keller into the Armed Forces of the United States until the end of the academic year as defined by existing statutes and regulations, effective immediately.

2. Defendant Local Board No. 108 shall forthwith upon receipt of a copy of this order reclassify the plaintiff Peter A. Keller as "I–S" as of this date and until the end of his academic year as that term is defined under existing statutes and regulations.