**Robert K. EVANS, Plaintiff-Appellant,**

v.

**LOCAL BOARD NO. 73, SHERMAN, CHEYENNE, WALLACE COUNTIES, GOODLAND, KANSAS, Defendant-Appellee.**

**No. 66–70.**

United States Court of Appeals, Tenth Circuit.

April 21, 1970.

---

4. 2 U.S.Code Congressional and Administrative News, 85th Congress, (2d Session), 1958, pp. 3942–3943.

Leonard D. Munker, Wichita, Kan., for appellant.

Richard Oxandale, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This appeal springs from appellant's attempt to avoid induction into military service. It is a pre-induction suit by Evans, seeking to gain judicial review of his draft classification. The district court ruled that 50 U.S.C.A. App. § 460(b) (3) precluded its review of this case in the absence of unusual Oestereich facts.[1] Finding no unique circumstances, the court dismissed for want of jurisdiction. Evans now appeals his cause to this court.

Appellant was born June 23, 1949, and is currently enrolled as a student in the Northwest Kansas Area Vocational-Technical School at Goodland, Kansas. In 1967, appellant enrolled in the Colby Community Junior College, Colby, Kansas, and received a II-S deferment. However, near the end of March, 1969, he ceased attending classes at the Junior College and on May 22, 1969, was reclassified I-A by the board. This notice apparently resulted from appellant's failure to supply the local board with a statement from the Junior College that he was enrolled in the 1969 spring semester. Sometime in mid-July, 1969, appellant personally appeared before the local board and asked to be reclassified

1. Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

II-S.[2] This request was based on the fact that on June 20 he had been admitted to the fall term at the Northwest Kansas Area Vocational-Technical School. The board refused to grant a II-S deferment for that type of study and appellant appealed. The board of appeals also refused to grant a II-S deferment for pursuing a course of study at the Vocational-Technical School and in January, 1970, Evans brought this suit.

In essence appellant argues that he has a statutory right to a II-S classification under 50 U.S.C.A. App. § 456 (h) (1); that he has been classified I-A because of an act of delinquency; that his induction has been accelerated; and that there is unequal and inconsistent enforcement of the Selective Service Act of 1967 by the local boards in Kansas regarding students at vocational-technical schools.

As a preliminary matter we note that all pre-induction judicial review as to a registrant's classification is prohibited by 50 U.S.C.A. App. § 460(b) (3).[3] A very narrow exception to that statute has, however, been judicially carved out in Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S. Ct. 414, 21 L.Ed.2d 402, (1968) and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L. Ed.2d 653 (1970). Appellant recognizes the jurisdictional impediment facing a full hearing on the merits and thereby contends that his situation is sufficiently identical to Oestereich and Breen to permit our review.

In Oestereich, the plaintiff-appellant was enrolled in theology school and was exempted from military service under a IV-D classification. After surrendering his draft card to protest the Vietnam conflict, his local draft board reclassified him I-A and declared him delinquent. An unsuccessful appeal was taken after which Oestereich brought suit in federal court to restrain his induction. The thesis of the Supreme Court's opinion was that petitioner was assumed to be entitled to the IV-D statutory exemption. Highly summarized, the holding of that case was that unless a registrant is deprived of a statutory exemption, or deferment, in a "blatantly lawless manner," i. e., where it is "plain on the record and on the face of the Act that an exemption [or deferment] had been granted * * *"[4] but the registrant is nonetheless declared delinquent for unrelated reasons, the proscription of section 460(b) (3) applies and pre-induction review is prohibited. In Oestereich the exemption granted to divinity students by the Act was plain; the petitioner was clearly a divinity student entitled to such exemption; and the local board was without statutory authority to revoke the classification and declare Oestereich delinquent. In those circumstances pre-induction review is not barred by 50 U.S.C.A. App. § 460(b) (3).

Breen had a II-S classification as a student at a Boston school of music. He

2. The II-S deferment is granted by 50 U.S.C.A. App. § 456(h) (1): "Except as otherwise provided in this paragraph, the President shall, under such rules and regulations as he may prescribe, provide for the deferment from training and service in the Armed Forces of persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning and who request such deferment."

3. "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

4. Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 238, n. 7, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

too surrendered his draft card in protest of the Vietnam war and was thereafter declared delinquent and reclassified I-A. While an administrative appeal was pending, Breen instituted a suit in federal court to enjoin his induction. The Supreme Court ultimately applied Oestereich, allowing pre-induction review, stating that under the Act certain students were deferred; that he was a student entitled to such deferment; and that the board's reclassification resulted from a clear departure from its statutory mandate.

Appellant Evans also seeks a review of his I-A classification. In essence he urges that under the language of Breen, the jurisdictional hurdle posed by 50 U.S.C.A. App. § 460(b) (3) is cleared by alleging that he is a student at the vocational-technical school and is under twenty-four years of age. The Breen language relied upon is this: "The legislative history of Section 6(h) (1) clearly indicates that Congress intended that only the conditions specified in that section need be met to warrant a student deferment." Breen v. Selective Service Local Board, No. 16, 396 U.S. 460, 465, 90 S.Ct. 661, 664, 24 L.Ed.2d 653, 659 (1970). The argument is that since 50 U.S.C.A. App. § 456(h) (1) does not indicate that Congress intended to exclude deferments to vocational-technical school students, he, just as Breen, was a student entitled to a § 456(h) (1) deferment.

■ There are circumstances here which distinguish this case factually from either Oestereich or Breen. First, the May 22, 1969, reclassification from II-S to I-A was well within the board's statutory authority and is not contested in this suit. Second, appellant has never been declared delinquent for an act unrelated to his classification status. Third, Evans was not a student "satisfactorily pursuing a full-time course of instruction" at the time of his II-S reclassification request. Fourth, it is not

uncontested by the appellee that appellant is entitled to II-S deferment. And fifth, it is not plain on the face of the Act, 50 U.S.C.A. App. § 456(h) (1), that appellant, as a vocational-technical student, was entitled to deferment. The premise for the Court's decisions in both Oestereich and Breen was that a statutory exemption or deferment unquestionably applied to those petitioners. Evans, however, cannot make that statement with equal force, and principally for that reason, we think the exception to § 460(b) (3) does not apply.

On its face the Act provides for deferments for "persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning * * *." This is manifestly not an across-the-board deferment to all persons engaging in some form of formal educational training. In fact, the next sentence of the Act provides for continuance of such deferment "until such person completes the requirements for his baccalaureate degree * * *." The vocational-technical school is not an accredited educational institution as are colleges, universities, schools of divinity, music schools, junior colleges, etc. The vocational-technical school does not grant a "baccalaureate degree" or a comparable one, and the courses taken may not be transferred to colleges, universities, or similar institutions for credit toward a "baccalaureate degree." [5] In sum, it cannot be unequivocally stated that Evans was within the purview of § 456(h) (1) and entitled to its deferment.

The District Court, and appellee herein, relied on Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) as support for the proposition that the II-S classification was discretionary with the board, and thereby outside the Oestereich exception. We hesitate to depend on that case to support our decision since the statutory classification there involved explicitly provided for the board's discretion in granting or with-

---

5. We use this term because of the wording of the statute.

holding the exemption.[6] Although § 456(h)(1) does not expressly provide for an exercise of local board discretion, it certainly does not mandate a deferment without some resolution as to whether a school is a similar institution within the meaning of the Act.

■ The decision of the local draft board was not blatantly lawless. Rather, it rendered a decision upon the basis of a congressional enactment which necessarily required discernment of congressional intent. Whether the board is right or wrong, the language of 50 U.S.C.A. App. § 456(h)(1) does not prohibit the decision. Thus, we simply hold that appellant's case does not fall within the exception to § 460(b)(3) as laid down in Oestereich and Breen, and that appellant may not now test the validity of the board's action.

By deciding that we are without jurisdiction we do not reach the arguments on the merits.

Affirmed.

LEWIS, Circuit Judge (concurring).

I fully concur. However, I would hesitate to do so had the Supreme Court given affirmative judicial approval in *Breen* to that petitioner's right to a student deferment because of his attendance in a private specialty music school. Although Breen had been given a II-S student classification by his local board that fact would appear to be accepted by the High Court only as background to establish the posture of the case. In the case at bar, therefore, we need not reach the disturbing question of whether the statutory words "a similar institution of learning" (similar to a college or university) includes music schools but excludes state vocational schools where the emphasis is on such subjects as mechanics and electronics. I am thoroughly satisfied that the Northwest Kansas Area Vocational-Technical School is not an institution of learning similar to the traditional college or university which confers a baccalaureate after completion of traditional requirements. Nor do studies at the school lead to such a degree on transfer such as is the case with junior colleges.