Melford V. McCORMICK, by Harvey L. McCormick, Father and next of friend, Petitioner,

v.

SELECTIVE SERVICE LOCAL BOARD NO. 41, MILWAUKEE, WIS.

and

Selective Service Local Board Nos. 73–76, Rochester, New York, Respondents.

No. 70–C–303.

United States District Court, E. D. Wisconsin.

Aug. 11, 1970.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

Harvey L. McCormick, Kansas City, Mo., for petitioner.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner seeks to enjoin any attempt by the respondents to induct him into the armed forces until he reaches the age of 24 or until he receives his baccalaureate degree from a college, whichever is earlier. He also seeks the convening of a three-judge court to consider his allegation that 50 App.U.S.C. Sec. 456 and 32 C.F.R. Sec. 1622.25, as applied to him, are unconstitutional; the statutes require, generally, that a registrant complete his work toward a baccalaureate degree at a college or university within four years in order to retain a II–S, or student deferment, classification.

In December of 1969, the petitioner was reclassified I–A, apparently because he was not "satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning" in the words of 50 App.U.S.C. Sec. 456. This reclassification was upheld by an appeal board in Buffalo, New York, on April 22, 1970. On July 29, 1970, after the original petition was filed, the petitioner was ordered to report for induction on August 14, 1970. The petition for a preliminary injunction, pending a hearing on the original petition, was filed on August 6, 1970, and was assigned to this branch for resolution less than a week ago.

50 App.U.S.C. Sec. 460(b) provides, in part:

> "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form. * * * "

While Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), have carved out a "very narrow exception" to this statute, it is my opinion that the action by Local Board 41 was within its statutory authority and not of such a nature as to warrant this court's intercession. See Evans v. Local Board No. 73, 425 F.2d 323, 325 (10th Cir. 1970). The reclassification of the petitioner on the basis of his apparent failure to pursue a "full-time course of instruction at a college, university, or similar institution" was not a violation of a statutory mandate given the local board. On this basis, Oestereich and Breen are distinguishable.

Therefore, it is ordered that the petition for an injunction and the petition for a preliminary injunction be and hereby are denied.