**Jerry Don BOOKOUT, Appellant,**

v.

**Geraldine B. THOMAS, Executive Secretary Local Board Number 73, Selective Service System of the Armed Forces of the United States, et al., Appellee.**

No. 23757.

United States Court of Appeals,
Ninth Circuit.

July 27, 1970.

Rehearing Denied Sept. 16, 1970.

Steven Edmondson (argued), Santa Monica, Cal., for appellant.

Alan S. Rosenthal (argued), Atty., Dept. of Justice, Morton Hollander, Chief, Appellate Section, Ralph A. Fine, Wm. D. Ruckelshaus, Dept. of Justice, Washington, D. C., Robt. L. Meyer, U. S. Atty., Herbert M. Schoenberg, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG, DUNIWAY and KILKENNY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant's draft board classified him I–A. He was ordered to report for induction into the Armed Forces and failed to do so. On January 15, 1969, appellant was indicted for failing to report for induction pursuant to Section 12 of the Selective Service and Training Act. Such action has not been tried.

In September 1968, appellant brought this action against the appellees in the United States District Court for the Central District of California. In summary he alleged that he is a duly ordained minister and full time acting minister of the Gospel of the Church of Christ and entitled to the exemption provided for in Section 456(g) of the Act; that alternatively he is entitled to a deferment exemption as a conscientious objector; that he furnished to the Board sufficient evidence of his classification as a minister, which classification was wrongfully denied him; that in so doing the Board violated the Act and regulations by:

(a) sending a notice to report for induction while an appeal was pending;

(b) failing to reconsider reclassification on the basis of information previously submitted; and

(c) failing to reopen and reclassify him on the basis of a demonstrated change in circumstances;

that appellees threatened to apprehend his person and put him into the Armed Forces; and that he has no plain, speedy or adequate remedy, and irreparable injury will occur if he is forced into the Armed Forces.

In the prayer of the complaint, appellant prays for judgment that he is entitled to a ministerial exemption; that all of the administrative remedies be afforded to him; for hearing on the merits to determine his exemption as a minister; and that the appellees be restrained and enjoined from inducting and threatening to induct him into the Armed Forces of the United States.

On the filing of the complaint the district court issued an order to show cause to appellees. Following the hearing on the order to show cause, the district court dismissed plaintiff's complaint with prejudice on the ground that "by virtue of the 1967 Amendment to the Selective Service Act (50 U.S.C. [App.] § 460(b) (3)) this Court has no jurisdiction to judicially review the classification or processing of the plaintiff by his local board except as a defense to a criminal prosecution instituted under the said Act. * * *" 1

On this appeal appellant relies primarily on Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), which were decided after the ruling by the district court. Appellant contends that the two decisions compel the reversal of the order of dismissal and a remand of the cause to the district court for further proceedings. We disagree and affirm the order of the district court.

In *Oestereich*, the petitioner was enrolled as a student at a theological school preparing for the ministry, and was accordingly classified as IV–D by his local Board. He returned his registration certificate to the Government "for the sole purpose of expressing dissent from the participation by the United States in the war in Vietnam." Shortly thereafter his Board declared him delinquent (1) for failure to have the registration certificate in his possession, and (2) for failure to provide the Board with notice of his local status. The Board thereupon changed his IV–D classification to I–A. He took an administrative appeal and lost, and was ordered to report for induction. At that point he brought suit to restrain his induction.

Petitioner's complaint was dismissed by the district court, and the Court of Appeals for the Tenth Circuit affirmed (390 F.2d 100 (1968).) The Supreme Court granted certiorari and reversed the order of the district court, holding that pre-induction judicial review was not precluded in cases of that type. In the course of its opinion the court stated at page 237 of 393 U.S., at page 416 of 89 S.Ct.:

"Once a person registers and qualifies for a statutory exemption, we find no legislative authority to deprive him of that exemption because of conduct or activities unrelated to the merits of granting or continuing that exemption. The Solicitor General confesses error on the use by Selective Service of delinquency proceedings for that purpose."

In *Breen*, petitioner, while enrolled in the School of Music, was given a II–S student classification by his local Board, and deferred from military service pur-

---

1. 50 U.S.C. App. § 460(b) (3) reads in pertinent part as follows:
"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has re-

sponded either affirmatively or negatively to an order to report for induction, * *, *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

suant to the provisions of the Act. He surrendered his draft registration card to a minister at a public gathering "for the sole purpose of protesting United States involvement in the war in Vietnam." Shortly thereafter his local draft board declared he was "delinquent" for failing to have his draft card in his possession and at the same time reclassified him I–A. He appealed his reclassification through the appropriate Selective Service Appeal Board, and while that appeal was pending filed a suit in the United States District Court seeking to enjoin his induction into the Armed Forces. His complaint was dismissed by the District Court and affirmed by the Court of Appeals for the Second Circuit (406 F.2d 636 (1969).) The Supreme Court granted certiorari and reversed the order dismissing his complaint. In its opinion the Supreme Court stated at page 467 of 396 U.S., at page 666 of 90 S.Ct.:

"We are consequently unable to distinguish this case from *Oestereich.* In both situations a draft registrant who was required by the relevant law not to be inducted was in fact ordered to report for military service. In both cases the order for induction involved a 'clear departure by the Board from its statutory mandate,' Oestereich, *supra,* [393 U.S.] at 238 [89 S.Ct. 416], and in both cases § 10(b) (3) of the Act should not have been construed to require the registrants to submit to induction or risk criminal prosecution to test the legality of the induction order."

It is obvious that there are significant differences between *Ostereich* and *Breen,* and the instant case. Appellant was classified I–A by the local Board. No reclassification is involved. The application of delinquency regulations are not present. There is no suggestion of unlawful punitive action by the local Board.

A much closer approach to the instant case is furnished by Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). In that case the Draft Board rejected petitioner's claim to classification as a conscientious objector, and classified him I–A. His appeals within the Selective Service System were unsuccessful. After he was ordered to report for induction he brought an action seeking to have his induction enjoined and to have the rejection of his claim to conscientious objector classification declared improper on the grounds that it had no basis in fact, that the Board had misapplied the statutory definition of conscientious objector, and that the members of the Board were improperly motivated by hostility and bias against those who claimed to be conscientious objectors. The District Court entered a preliminary injunction preventing petitioner's induction until after a determination of his claim on the merits. On appeal to the Supreme Court, after distinguishing *Oestereich,* that Court reversed, and stated at page 258, 89 S.Ct. at page 426:

"Here, by contrast, there is no doubt of the Board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. By statute, classification as a conscientious objector is expressly conditioned on the registrant's claim being 'sustained by the local board.' 50 U.S.C. App. § 456(j) (1964 ed., Supp. III.)

"Here the Board has exercised its statutory discretion to pass on a particular request for classification, 'evaluating evidence and * * * determining whether a claimed exemption is deserved.' Oestereich v. Selective Service [System Local] Bd., *supra,* [393 U.S.] at 238 [89 S.Ct. 414]. A local Board must make such a decision in respect of each of the many classification claims presented to it. To allow preinduction judicial review of such determinations would be to permit precisely the kind of 'litigious interruptions of procedures to provide necessary military manpower' (113 Cong.Rec. 15426 (report by Senator Russell on Conference Committee ac-

tion)) which Congress sought to prevent when it enacted § 10(b) (3).

"We find no constitutional objection to Congress' thus requiring that assertion of a conscientious objector's claims such as those advanced by appellee be deferred until after induction, if that is the course he chooses, whereupon habeas corpus would be an available remedy, or until defense of the criminal prosecution which would follow should he press his objections to his classification to the point of refusing to submit to induction. Estep v. United States, 327 U.S. 114 [66 S.Ct. 423, 90 L.Ed. 567] (1946); Falbo v. United States, 320 U.S. 549 [64 S.Ct. 346, 88 L.Ed. 305] (1944)."

In our view the instant case involves "classification or processing" within the meaning of 50 U.S.C. App. § 460(b) (3). The district court was without jurisdiction. Appellant may assert his claims in the criminal action pending against him, or by habeas corpus following his induction.

Affirmed.