Wayne Alan COLEMAN, Appellant,

v.

**NEW YORK LOCAL SELECTIVE SERVICE BOARD NO. 61, and Colorado Local Selective Service Board No. 9, Appellees.**

No. 122–70.

United States Court of Appeals, Tenth Circuit.

Oct. 2, 1970.

Frank Dubofsky, Boulder, Colo. (William M. Cohen, and Legal Aid and Defender Program, Boulder, Colo., on the brief), for appellant.

Robert E. Kopp, Atty., Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., James L. Treece, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, with him on the brief), for appellees.

Before LEWIS, Chief Judge, SETH and HICKEY,* Circuit Judges.

PER CURIAM.

This is an appeal from a denial and dismissal of appellant's suit for a preliminary and permanent injunction. The complaint was filed in the United States District Court for the District of Colorado, and alleged that the appellant had been entitled to a I–S(C) classification in November and December 1968. New York Selective Service Board No. 61, appellant's local board, continued to classify appellant I–A but postponed his induction until August 1969. The appellant alleged that the board's failure to reclassify him I–S(C) in November and December 1968 was a denial of due process and thereby denied him his rights of reclassification, personal appearance, and appeal in September 1969.

The appellant had a II–S deferment until July 1968. On July 8, 1968, the appellant was advised by Local Board No. 61 that he would no longer be entitled to a II–S deferment because he had reached his twenty-fourth birthday. On July 15, 1968, the appellant was reclassified I–A. He did not appeal this classification.

On November 22, 1968, the appellant was ordered to report for induction on December 9, 1968, and on November 25, 1968, he sent a letter to his draft board requesting a I–S(C) until August 1969. At this time appellant was taking only six credit hours at the University of Colorado, but indicated that he would be taking twenty-three credit hours the following semester. On November 27, 1968, the local board postponed appellant's induction until the January 1969 call in order to make a determination on appellant's request.

The file was reviewed by the Chief of the Legal Division of the New York City headquarters of the Selective Service System. In a memorandum dated December 5, 1968, to the local board, he stated that the appellant was not qualified for a II–S deferment but went on to say:

"However it is noted that he is taking 23 credits and though his school does not label this a full-time student the number of credits does appear to require full-time attention to studies. If the local board considers the 23 credits constitutes a full-time course of instructions, they may consider placing the registrant in I–S (C) which would result in the cancellation of the induction order. However, it may be best to first obtain verification from the school as to the amount of credits."

On December 20, 1968, the University sent the second form 109 student certificate which indicated as follows:

"The Dean's Office of the College of Arts and Sciences has indicated that this student needs to complete 23 hours of course work during the spring semester and the 1969 summer session in order to graduate in August, 1969. All of the courses he needs to take will be offered during the spring and summer. Mr. Coleman is currently registered for courses that are required for his degree. He had indicated that he intends to register as a full-time student in the spring, that he intends to complete his remaining hours during the summer,

---

* Judge Hickey, since deceased, heard the arguments in this case but did not participate in this decision.

and that he expects to receive his degree in August, 1969."

Following receipt of this information, on December 26, 1968, the local board postponed appellant's induction until the September call 1969, or until the end of appellant's academic year.

On February 22, 1969, appellant sought a further postponement of induction until February 1970. The board considered the letter as a request for reopening of his classification, and on March 17, 1969, denied the request. Two days later the University sent to the local board a form stating that the appellant had enrolled as a full-time student for the spring semester, but did not say whether he was satisfactorily pursuing his studies.

On September 20, 1969, appellant again requested that his induction be postponed because he had failed a course and could not graduate in August 1969. This was considered again as a request for a reopening by the Board and was denied on September 23, 1969, and again on October 21, 1969, after a request for delay to enter Vista. There was later correspondence from appellant which indicated he would not graduate until June 1970. On November 21, 1969, appellant was ordered to report for induction on December 5, 1969. This litigation then ensued.

On December 4, 1969, the district court granted appellant's motion for a temporary restraining order and set the case for December 12, 1969. On that date after a hearing on the merits, the district judge denied and dismissed appellant's action for preliminary and permanent injunction: "In November of 1969 and continuing through the date of this hearing plaintiff was not pursuing a full time course of instruction at a university, college or similar institution."

The case was presented to the trial court on the factual issues. The record contains this statement of the issues by appellant's counsel:

"Your Honor, it is our position that the only real issue, and it is one of fact, before Your Honor in this case, is whether or not the plaintiff in this case presented sufficient facts to the Local Board 61 after receiving his November 22, 1968 induction order, which under the language of the regulations showed that he—which established his eligibility for classification into Class I–S because he is satisfactorily pursuing a full-time course of instruction."

Counsel then stated that the board had no discretion but to grant a I–S classification when these facts were presented.

The appellee contends that preinduction judicial review of appellant's I–A classification is barred by Section 10(b)(3) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 460(b) (3). We agree with this position and in the light of this disposition of the case do not find it necessary to consider the other points raised on this appeal by appellant herein.

In Evans v. Local Board No. 73, 425 F.2d 323 (10th Cir.), decided after the trial of this case, this court considered the extent of preinduction review at length and held that unless the case comes within the very narrow exception to the statutory prohibition against preinduction review carved out in Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, the court is without jurisdiction. In Evans we said of Oestereich:

"Highly summarized, the holding of that case was that unless a registrant is deprived of a statutory exemption, or deferment, in a 'blatantly lawless manner,' i. e., where it is 'plain on the record and on the face of the Act that an exemption [or deferment] had been granted * * *' but the registrant is nonetheless declared delinquent for unrelated reasons, the proscription of section 460(b) (3) ap-

plies and pre-induction review is prohibited."

As in Evans the changes made by the New York Board in appellant's classification were well within its discretion. So were the refusals to change. Whether appellant was a student satisfactorily pursuing a full-time course of study was a determination to be made by it by the application of the facts before it to the statutory language. This it did and reached its conclusion in the usual manner upon appellant's repeated requests. The course of action it adopted was within its discretion. The case does not come within Oestereich or Breen. See also Bookout v. Thomas, 430 F.2d 1343, Ninth Circuit, decided July 27, 1970, and Fein v. Selective Service System Local Board No. 7, 430 F.2d 376, Second Circuit, decided July 23, 1970.

The case is affirmed on the basis of our decision in Evans v. Local Board No. 73, 425 F.2d 323 (10th Cir.).

HICKEY, J., did not participate in the decision.