Elliott Laurence BLATT, Appellee,

v.

LOCAL BOARD NO. 116 FREDERICKS-BURG CITY SELECTIVE SERVICE SYSTEM, and United States of America, Appellants.

No. 15122.

United States Court of Appeals, Fourth Circuit.

Argued May 3, 1971.

Decided June 8, 1971.

Robert E. Kopp, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., and Morton Hollander and Reed Johnston, Jr., Attys., Dept. of Justice, and Brian P. Gettings, U. S. Atty., on brief), for appellants.

Emanuel Emroch, Richmond, Va. (Emroch & Kauffman, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and RUSSELL, Circuit Judges.

CRAVEN, Circuit Judge.

This is an appeal by the government from an injunction issued by the district court restraining Elliott Blatt's induction into the armed forces. The district judge acted on the belief that Blatt was denied procedural due process in consideration of his claim to be medically disqualified for military service. We think Blatt's case does not fall within the narrow exceptions to the bar of preinduction judicial review [1] contained in Section 10(b) (3) of the Selective Service Act [2], and reverse.

Blatt has a medical history of nasal allergy. He noted this fact on his classification questionnaire when he first registered with his local board in September of 1965. He also enclosed a physician's letter verifying his condition. Blatt was subsequently classified II–S (student deferment), which he kept (with one slight interruption) until he completed college in 1969. While holding the II–S classification, Blatt submitted additional statements to his local board concerning his allergic condition —once by a "current information questionnaire" supplied by the board, and on two other occasions by letters from his physicians. His physical problems were described by one physician as "perennial allergic rhinitis with a seasonal hay fever * * *" and a history of migraine headaches.

On July 7, 1969, Blatt was classified I–A (eligible for induction). Neither prior to nor immediately subsequent to this classification action was Blatt accorded a medical interview, nor did he ask for one. See, CFR 1628.2(b) (infra, note 3). After receiving his preinduction physical (not the same thing as a medical interview), he was pronounced acceptable for induction, and on October 14, 1969, was issued an order to report for induction. After receiving the induction order Blatt submitted additional letters from his doctors which emphasized the purported severity of the registrant's allergic condition. The State Selective Service Headquarters responded by ordering medical consultations at the Armed Forces Entrance and Examining Station (AFEES) where Blatt received a complete ear, nose, and throat (ENT) examination. The examining physician's findings were inconclusive, but recommended "reconsideration in this case before induction into the service." Pursuant to the recommendation, Blatt's medical records were again reviewed by the Army and again he was found physically qualified for induction. Blatt filed more letters, and his attorney requested the local board to grant him a hearing, a medical interview, and to reopen his classification. He was granted the hearing and the medical interview, but his case was not reopened on the finding that Blatt had presented no new evidence on which to base a reopening. Captain Ball of the AFEES entered the following on Blatt's medical file:

> Letter of 16 May Dr. MacKnight and 27 May Dr. Thomas and 18 May Dr. Matson reviewed by USAREC Surgeons office, CPT Hakola. We agree

1. See Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) ; Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

2. 50 U.S.C. App. 460(b) (3).

*no new* evidence presented to justify reopening case * * *.

Blatt charges the defendants with procedural irregularities connected with the determination of the registrant's physical qualification for induction—that the local board did not grant Blatt a medical interview upon being classified I–A (no such request was made until after he had received his induction notice) pursuant to C.F.R. § 1628.2(b) [3] and that the board should have reopened Blatt's classification under C.F.R. § 1625.2.[4] We do not reach the merits of these claims because of our finding that the district court lacked subject matter jurisdiction to consider them.

Section 10(b) (3) of the Selective Service Act presents a formidable barrier to preinduction judicial review:

No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this Title [50 U.S.C. App. § 462] after the registrant has responded either affirmatively or negatively to an order to report for induction. * * *

50 U.S.C. App. 460(b) (3).

The prohibition is about as flat as the Congress could make it. Blatt contends he comes within the exceedingly narrow exception enunciated in Breen v. Selective Service Local Board No. 16, 396 U. S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), and Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). In these cases, Oestereich's entitlement to his ministerial exemption and Breen's qualification for his student deferment were both *uncontroverted.* 396 U.S. at 463–464, 90 S.Ct. 661; 393 U.S. at 238, 89 S.Ct. 414. Both were reclassified I–

3. § 1628.2 Registrants to be given medical interview.

    *     *     *     *     *

(b) Whenever a registrant who is in Class I–A, Class I–A–O, or Class I–O claims that he has one or more of the disqualifying medical conditions or physical defects which appear in the list described in section 1628.1, the local board shall order him to present himself for interview with the medical advisor to the local board at the time and place specified by the local board by mailing to such registrant a Notice to Registrant to Appear for Medical Interview (SSS Form No. 219).

Blatt contends that the information filed by him prior to his I–A classification provides sufficient notice to meet the requirements of a claim for a disqualifying medical condition, and that he should have been granted a medical interview *before* his preinduction physical. Further he alleges that the medical interview given on request later did not meet the standards of 32 C.F.R. § 1628.3(b). The government's position is that a claim for medical disqualification must be made while a registrant holds one of the enumerated classifications (I–A, I–A–O, or I–O) and that the local board is under no obligation to search a registrant's file to find such a claim submitted before it could be acted upon (*i. e.,* while Blatt held a II–S deferment).

4. § 1625.2 When registrant's classification may be reopened and considered anew. The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

A under the delinquency regulations after surrendering their draft cards to protest the Vietnam War. "In both situations a draft registrant who was required by the relevant law not to be inducted was in fact ordered to report for military service. In both cases the order for induction involved a 'clear departure by the Board from its statutory mandate,' *Oestereich, supra,* at 238, 89 S.Ct. at 416, and in both cases § 10(b)(3) of the Act should not have been construe to require the registrant to submit to induction or risk criminal prosecution to test the legality of the induction order." *Breen, supra,* 396 U.S. at 467–468, 90 S.Ct. at 666.

■ Here the underlying issue is not one of law, despite Blatt's effort to frame it as a purely legal and procedural question, but is simply whether Blatt is physically disqualified—a fact question resolved on conflicting medical opinions by the local board, albeit possibly in a procedurally defective manner. The exception to 10(b)(3) discerned in *Oestereich* and *Breen* is not one that allows preinduction review, under the guise of correcting procedural irregularity, of purely fact issues committed to the sound discretion and judgment of the local board.[5] Instead, the "key to the Oestereich rule, as enunciated by the Supreme Court, is whether the classification at issue is a clear statutory mandate preventing any exercise of discretion by the local board." Winick, Direct Judicial Review of the Actions of the Selective Service System, 69 Mich.L.Rev. 55, 75 (1970). The proper classification of the registrant must be obvious, if not uncontroverted, so that no factual issue exists as to his exempted or deferred status, Lane v. Local Board No. 17 (No. 7740) (1st Cir. 1971), making any attempted reclassification or induction an act that would "flout the law." Clark v. Gabriel, 393 U.S. 256, 260, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) (Douglas, J., concurring).

■ Blatt's case does not meet this standard. There exists here a determination on conflicting evidence of medical fitness. We cannot say, as in *Oestereich* and *Breen,* even assuming procedural irregularity, that Blatt is clearly entitled to a medical disqualification. Since his medical condition is not clear, his claims must await adjudication until offered as a defense to a criminal action for refusing induction, or by way of habeas corpus after stepping forward.

There are practical reasons for reading the statutory bar literally in this case. Presumably, the Army does not want an invalid. Also presumably, at the time of induction Blatt will be routinely examined by a medical officer and may yet be rejected. If not, and if his condition is in fact disabling, he may subsequently obtain a medical discharge. Certainly with respect to medical disability there is no hiatus between adequate medical grounds prior to induction which may be discovered or discerned subsequently. Compare Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

Blatt's case falls squarely within the category of cases causing " 'litigious interruptions of procedures to provide necessary military manpower' (113 Cong. Rec. 15,426 (report by Senator Russell on Conference Committee action)) which Congress sought to prevent when it enacted § 10(b)(3)." Clark v. Gabriel, *supra,* 393 U.S. at 258–259, 89 S.Ct. at 426. The decision of the district court will be

Reversed.

---

5. *See, e. g.,* Lane v. Local Board No. 17 (No. 7740) (1st Cir. 1971); Fein v. Selective Service System Local Board No. 7, 430 F.2d 376 (2d Cir. 1970); *but see,* Swift v. Director of Selective Service (No. 24,137) (D.C.Cir. 1971).