**Michael Lawrence FINE**

v.

**Curtis W. TARR et al.**

**Civ. A. No. 70–485.**

United States District Court,
D. Maryland.

July 7, 1971.

Fred R. Joseph and Feissner, Kaplan & Smith, Hyattsville, Md., for plaintiff.

George Beall, U. S. Atty., and J. Frederick Motz, Asst. U. S. Atty., Baltimore, Md., for defendants.

NORTHROP, Chief Judge.

Michael Lawrence Fine seeks an injunction and an order in the nature of a writ of mandamus directing respondents to reclassify him I–S(c) pursuant to the Universal Military Training and Service Act. 50 App. U.S.C. § 456(i) (2).

Petitioner graduated from the University of Maryland in June 1967. He then enrolled in the graduate program in oceanography at the School of Marine Science at the College of William and Mary. He was granted a II–S graduate student deferment through September 1968. On October 8, 1968, Fine was reclassified I–A. On July 31, 1969, he was ordered to report for induction on August 19, 1969. He requested a postponement of the induction which was granted. On December 24, 1969, Fine requested a I–S(c) deferment. This request was denied and, on April 14, 1970, plaintiff was ordered to report for induction on April 29, 1970. This action was instituted in the United States District Court for the District of Columbia on April 22, 1970.

Prior to the transfer of this case to this district, plaintiff's counsel submitted to the United States Attorney's Office for the District of Columbia three letters relating to petitioner's student status at William and Mary. These had not been submitted to plaintiff's local board. However, the State Director of Selective Service directed the Local Board to reconsider in retrospect plaintiff's claim to a I–S(c) deferment. In reply to a request for information, the Dean of the School of Marine Science informed the board that in the summer and fall of 1969, Fine had been taking a one-credit thesis course, that he completed the requirements for his degree in January 1970, that during the spring semester, he took a one-credit course and that on May 2, 1970, he withdrew from the school. Based on this information, the local board found that plaintiff had not been satisfactorily pursuing a full-time graduate course of instruction at the time that he was ordered to report for induction and that he, therefore, was not entitled to a I–S(c) deferment.

Both parties have filed Memoranda of Law. It is the government's position (1) that there is a basis in fact for the

board's conclusion that plaintiff was not satisfactorily pursuing a full-time course of instruction at the time he was ordered to report for induction and, (2) even if plaintiff was entitled to a I–S(c) deferment at the time he was ordered to report for induction, his claim is now moot by reason of the fact that the period during which he was entitled to the deferment has since expired. Plaintiff has addressed himself to the issue of whether he was pursuing a full-time course of study. For the reasons which will follow, this court does not reach any of these questions.

Section 10(b) (3) of the 1967 Selective Service Act, 50 U.S.C.App. § 460(b) (3) provides:

> No judicial review shall be made of the classification or processing of any registrant by local boards * * * except as a defense to a criminal prosecution * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *.

While a literal reading of this statute would bar all pre-induction judicial review of a registrant's Selective Service classification, the Supreme Court has carved out a limited exception in Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). In Oestereich v. Selective Service System, supra, plaintiff had a IV–D (ministerial student) exemption. He turned in his draft card in opposition to the Viet-Nam war. His local board declared him delinquent and reclassified him I–A. The district court dismissed his complaint and the tenth circuit affirmed, holding that § 10(b) (3) of the Military Selective Service Act precluded pre-induction judicial review. The Supreme Court reversed, holding that the local board was not empowered to punitively reclassify a registrant who was clearly entitled to a statutory exemption. The conduct of the local board was said to be "basically lawless." The

court stated: "In such instances, as in the present one, there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved. The case we decide today involves a clear departure by the Board from its statutory mandate."

In Breen v. Selective Service Local Board, supra, plaintiff held a II–S deferment as a student in a Boston School of Music. He surrendered his draft card in protest of the Viet-Nam war and his local board reclassified him I–A as being delinquent. Both the district court and court of appeals dismissed under § 10(b) (3).

The Supreme Court reversed on the authority of Oestereich. The government did not contest plaintiff's factual allegations concerning his student status. The Court refused to recognize any distinction between exemptions (as in Oestereich) and deferments. The Court pointed out that this case, like Oestereich, involved a "clear departure by the Board from its statutory mandate."

The nature of the challenge being made by plaintiff Fine is markedly different from the issue presented in Oestereich and Breen. Here plaintiff is challenging the board's determination that he is not "satisfactorily pursuing a full-time course of study." This determination is a factual one and the board's action is not "clearly lawless." Numerous cases dealing with the I–S(c) deferment under Section 6(i) (2) of the Act have granted pre-induction review for the reason that the language of Section 6(i) (2) is mandatory and therefore pre-induction review is available to contest the denial of a I–S deferment contrary to such mandate. See, e. g., Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504 (1969); Crane v. Hershey, 410 F.2d 966 (1st Cir. 1969); Bowen v. Hershey, 410 F.2d 962 (10th Cir. 1969); Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969); Carey v. Local Board No. 2, 297 F.Supp. 252 (D.Conn.), aff'd, 412 F.2d 71 (2d Cir. 1969); Lerner v. Hershey, 312 F.Supp. 99 (N.D.Ga.1970); Keller v.

Hershey, 309 F.Supp. 687 (S.D.Fla.1969). *Contra* Rich v. Hershey, 408 F.2d 944 (10th Cir. 1969). *Cf.* Pasquier v. Tarr, 318 F.Supp. 1350 (E.D.La.1970); Gregory v. Hershey, 311 F.Supp. 1 (E.D. Mich.1969), rev'd *sub nom.* Gregory v. Tarr, 436 F.2d 513 (6th Cir. 1971). It should be noted that these cases have dealt with an interpretation of the Act, while this case actually deals with a factual determination by the board. However, three cases would support a holding that, in the circumstances of this case, pre-induction judicial review of plaintiff's classification is barred by Section 10(b) (3). In Evans v. Local Board No. 73, 425 F.2d 323 (10th Cir. 1970), Coleman v. New York Local Selective Service Board No. 61, 432 F.2d 225 (10th. Cir. 1970) and McCormick v. Selective Serv. Loc. Bd. No. 41, 316 F. Supp. 974 (E.D.Wis.1970), the courts distinguished *Oestereich* and *Breen* and declined jurisdiction. In each of those cases, the registrants were denied the requested deferments because they were not satisfactorily pursuing a full-time course of study.

In McCormick v. Selective Serv. Loc. Bd. No. 41, *supra,* the United States District Court for the Eastern District of Wisconsin held that 50 App. U.S.C. § 460(b) barred pre-induction judicial review where petitioner had been denied a II–S student deferment by his local board on the basis of his apparent failure to pursue a "full-time course of instruction at a college, university, or similar institution." The court held that on this basis the "very narrow exception" of *Oestereich* and *Breen* was not applicable.

In Evans v. Local Bd. No. 73, *supra,* petitioner sought pre-induction judicial review of his local board's failure to grant him a II–S student deferment. Petitioner had been a student at a junior college and was granted a II–S deferment. However, he was reclassified I–A by his local board when he failed to supply his local board with a statement from the junior college that he was en-

rolled as a full-time student. Petitioner appeared before the board and requested a II–S deferment based on the fact that he had been admitted to a vocational-technical school. The board declined to grant petitioner a II–S deferment for that type of study and its decision was upheld by the board of appeals. The district court held that 50 App. U.S.C. § 460(b) (3) precluded its review, and dismissed the action for lack of jurisdiction. On appeal, the tenth circuit affirmed, holding that *Oestereich* and *Breen* were factually distinguishable:

> The premise for the Court's decisions in both Oestereich and Breen was that a statutory exemption or deferment unquestionably applied to those petitioners. Evans, however, cannot make that statement with equal force, and principally for that reason, we think the exception to § 460(b) (3) does not apply.

[425 F.2d at 326.]

The court reasoned that the II–S deferment for "persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning * * *" was not meant to extend to anyone engaging in some form of educational training, and thus petitioner's attendance at a vocational-technical school did not satisfy the statutory requirement for the II–S deferment. The court concluded with this observation:

> The decision of the local draft board was not blatantly lawless. Rather, it rendered a decision upon the basis of a congressional enactment which necessarily required discernment of congressional intent. Whether the board is right or wrong, the language of 50 U.S.C.A. App. § 456(h) (1) does not prohibit the decision. Thus, we simply hold that appellant's case does not fall within the exception to § 460(b) (3) as laid down in Oestereich and Breen, and that appellant may not now test the validity of the board's action.

[425 F.2d at 327].

In Coleman v. New York Local Selective Service Bd. No. 61, *supra,* the tenth circuit, relying on *Evans, supra,* affirmed the district court's dismissal of the suit for lack of jurisdiction. Petitioner held a II–S deferment until July 1968 when he was advised by the local board that he would no longer be entitled to a II–S deferment because he had reached his twenty-fourth birthday. He was then reclassified I–A. Following an order to report for induction, petitioner requested a I–S(c) deferment, which was followed by a postponement of his induction order until January 1969.

In December 1968, the University sent a Form 109 student certificate which indicated that petitioner needed 23 hours of course work in the spring semester and the 1969 summer session in order to graduate in August 1969. The board then postponed petitioner's induction until the September 1969 call, or until the end of petitioner's academic year. In September 1969, petitioner requested a postponement of his induction because he had failed a course and could not graduate in August 1969. The board denied this request and in November 1969, he was ordered to report for induction in December 1969.

The United States District Court for the District of Colorado dismissed the action on the ground that petitioner was not pursuing a full-time course of instruction. The tenth circuit held that pre-induction judicial review of petitioner's I–A classification was barred by Section 10(b) (3) of the Military Selective Service Act, 50 App. U.S.C. § 460(b) (3):

> As in Evans the changes made by the New York Board in appellant's classification were well within its discretion. So were the refusals to change. Whether appellant was a student satisfactorily pursuing a full-time course of study was a determination to be made by it by the application of the facts before it to the statutory language. This it did and reached its conclusion in the usual manner upon appellant's repeated requests. The course of action it adopted was within its discretion. The case does not come within Oestereich or Breen.

[432 F.2d at 228 (citations omitted)].

The fourth circuit has recently had occasion to decide a case involving the scope of pre-induction judicial review under 50 App. U.S.C. § 460(b) (3). In Blatt v. Local Bd. No. 116, 443 F.2d 304 (4th Cir. June 8, 1971), the fourth circuit held that Section 10(b) (3) barred pre-induction judicial review of a registrant's I–A classification where the registrant claimed he was physically disqualified from military service and alleged procedural irregularities connected with the determination of his physical qualification for induction. The court reasoned that the registrant's classification turned on a determination of conflicting medical fitness, thus foreclosing any holding that the registrant was clearly entitled to a medical disqualification. It is instructive to repeat what the fourth circuit had to say about Section 10(b) (3):

> The prohibition is about as flat as the Congress could make it. Blatt contends he comes within the exceedingly narrow exception enunciated in Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), and Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). In these cases, Oestereich's entitlement to his ministerial exemption and Breen's qualification for his student deferment were both *uncontroverted.* 396 U.S. at 463–464, 90 S.Ct. 661; 393 U.S. at 238, 89 S.Ct. 414. Both were reclassified I–A under the delinquency regulations after surrendering their draft cards to protest the Vietnam War. "In both situations a draft registrant who was required by the relevant law not to be inducted was in fact ordered to report for military service. In both cases the order for induction involved a 'clear departure by the Board from its statutory mandate,' *Oestereich, supra,*

at 238, 89 S.Ct. 414, and in both cases § 10(b) (3) of the Act should not have been construed to require the registrant to submit to induction or risk criminal prosecution to test the legality of the induction order." *Breen, supra,* at 467–468, 90 S.Ct. 661.

Here the underlying issue is not one of law, despite Blatt's effort to frame it as a purely legal and procedural question, but is simply whether Blatt is physically disqualified—a fact question resolved on conflicting medical opinions by the local board, albeit possibly in a procedurally defective manner. The exception to 10(b) (3) discerned in *Oestereich* and *Breen* is not one that allows pre-induction review, under the guise of correcting procedural irregularity, of purely fact issues committed to the sound discretion and judgment of the local board. Instead, the "key to the *Oestereich* rule, as enunciated by the Supreme Court, is whether the classification at issue is a clear statutory mandate preventing any exercise of discretion by the local board." Winick, Direct Judicial Review of the Actions of the Selective Service System, 69 Mich.L.Rev. 55, 75 (1970). The proper classification of the registrant must be obvious, if not uncontroverted, so that no factual issue exists as to his exempted or deferred status, Lane v. Local Board No. 17, (No. 7740) 445 F.2d 850 (1st Cir. 1971), making any attempted reclassification or induction an act that would "flout the law." Clark v. Gabriel, 393 U.S. 256, 260, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) (Douglas, J., concurring). [443 F.2d at 306–307].

*See also* Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); Zerillo v. Local Board No. 102, 440 F.2d 136 (8th Cir. 1971); Burnett v. United States, 433 F.2d 1356 (5th Cir. 1970); Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5th Cir. 1970); Stella v. Selective Service System Local Board No. 66,

427 F.2d 887 (2d Cir. 1970); Green v. Local Board No. 87, 419 F.2d 813 (8th Cir.), cert. dismissed, 397 U.S. 1059, 90 S.Ct. 1407, 25 L.Ed.2d 682 (1970).

While Section 456(i) (2) does not expressly provide for an exercise of local board discretion, it does not mandate a I–S(c) deferment without a factual determination as to whether the registrant is satisfactorily pursuing a full-time course of instruction. It cannot be said that Fine was unquestionably entitled to a statutory deferment and thus the *Oestereich-Breen* exception to Section 10(b) (3) does not apply. The board's decision, whether correct or incorrect,[1] was not blatantly lawless and therefore plaintiff may not now challenge the validity of his classification. It is therefore ordered that this action be dismissed for lack of subject matter jurisdiction.

---

[1]. *See* Nowak v. Collins, 437 F.2d 1303 (3rd Cir. 1971); Keibler v. Selective Service Local Board No. 170, 3 S.S.L.R. 3294 (N.D.N.Y. March 4, 1970).