James Marvin SHEA, Jr., Appellant

v.

John N. MITCHELL, as Attorney General of the United States, et al., Appellees.

No. 21644.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 9, 1968.

Reargued April 8, 1969.

Decided Feb. 6, 1970.

Mr. Robert H. Turtle, Washington, D. C., with whom Messrs. Monroe E. Freeman, Jr. and Lawrence Speiser, Washington, D. C., were on the brief, for appellant.

Mr. James G. Greilsheimer, Atty., Department of Justice, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, with whom Mr. Edwin L. Weisl, Jr., Asst. Atty. Gen. at the time the brief was filed, and Mr. Morton Hollander, Atty., Department of Justice, were on the brief, for appellees. Messrs. Alan Rosenthal, Robert V. Zener and David J. Anderson, Attys., Department of Justice, also entered appearances for appellees.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

As a gesture of protest against American involvement in the Vietnam war, appellant Shea sent his Selective Service Notice of Classification to his draft board in April 1967. Subsequently Shea refused to apply for a duplicate card and then returned an unsolicited duplicate which the board sent him on its own initiative in June 1967. Finally, on July 19, 1967, the local board declared Shea delinquent pursuant to 32 C.F.R. § 1642.4 (1969) for "failure to retain a Registration Certificate and Notice of Classification as prescribed by Selective Service Regulations." At the same time, the board reclassified Shea from his III–A (fatherhood) classification to I–A and sent him a notice of his new classification.

Appellant took advantage of his right to a personal appearance before the board, but did not perfect an appeal when the board reaffirmed his I–A delinquency classification. After appellant's time to take an appeal had expired, the board issued an accelerated induction order, as provided in the delinquency regulations. 32 C.F.R. § 1642.13 (1969). The day before he was to report for induction, Shea filed the complaint in the present case in the District Court seeking a declaratory judgment that his induction was illegal and an injunction prohibiting his induction.[1]

The District Court dismissed appellant's complaint for lack of subject matter jurisdiction[2] on the basis of Section 10(b) (3) of the Military Selective Service Act of 1967, as amended, 50 U.S.C. App. § 460(b) (3) (Supp. IV 1965–1968), and Shea appealed. We have withheld decision pending the Supreme Court's decisions in Oestereich v. Selec-

---

1. Appellant also applied for a temporary restraining order to stop his induction, but the District Court denied his application. Subsequently, appellant reported to the induction station, but refused to submit to induction. He promptly amended his complaint to request additional relief in the form of an injunction prohibiting the Attorney General from prosecuting him.

2. Our recent decision in Nestor v. Hershey, U.S.App.D.C., No. 23,314, decided December 16, 1969), establishes that venue was proper in the District of Columbia, Slip opinion at 28–32. *See* Local Board Memorandum No. 85, issued October 24, 1967.

tive Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L. Ed.2d 532 (1970). On the basis of the Supreme Court's decisions in these cases and in Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), we think it clear that the District Court's dismissal must be reversed.

I

We believe that *Gutknecht* and *Oestereich* read together establish that pre-induction judicial review lies whenever the Selective Service System has reclassified a registrant or issued an induction order pursuant to the delinquency regulations struck down in *Gutknecht*. The *Oestereich*[3] holding may be divided into two parts: (1) the use of the delinquency regulations to deprive a registrant of a statutory "exemption" to which he was otherwise entitled was unauthorized by the statute; and (2) Section 10(b) (3) does not preclude pre-induction judicial review of such "blatantly lawless" conduct by a local board.

*Gutknecht*[4] explicitly took the first half of the *Oestereich* holding and broadened it to invalidate the entire delinquency procedure as unauthorized by the statute. In reversing Gutknecht's conviction of failure to report for induction,[5] the Court explicitly noted that in Gutknecht's case

"no 'exemption,' no 'deferment,' no 'classification' in the statutory sense is involved. 'Delinquency' was used here not to change a classification but to accelerate petitioner's induction * * * ; and it was that difference which led the Court of Appeals to conclude that what we said in *Ostereich* was not controlling here."

396 U.S. at 304, 90 S.Ct. 506. The Court, however, held that the reasoning in the first part of *Oestereich* nonetheless controlled Gutknecht's case. In short, the Court said that *any* delinquency induction is as "blatantly lawless" as the induction enjoined in *Oestereich*, without regard to whether a registrant is entitled to an exemption or a deferment. Since it was the "blatantly lawless" character of Oestereich's induction which led the Court to read Section 10(b) (3) to permit pre-induction judicial review in that case, we think the exception to Section 10(b) (3) established by *Oestereich* must be held, in the light of *Gutknecht*, to permit pre-induction judicial review

---

3. In *Oestereich* the registrant was a divinity student. Section 6(g) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(g) (1964), "exempts" such students from training and service under the Act. Nonetheless, when Oestereich turned his draft card in as a protest against American involvement in the Vietnam war, his local board reclassified him from Class IV–D (exempt divinity student) to Class I–A (available for service) under the Selective Service System's delinquency regulations. After exhausting his administrative remedies, he brought suit to restrain his induction. The Supreme Court held that § 10(b) (3) did not bar pre-induction judicial review because there was no statutory authority to use the delinquency regulations to deprive a registrant of his statutory exemption. 393 U.S. at 237–238, 89 S.Ct. 414.

4. The registrant in *Gutknecht* was classified I–A as available for induction at the time he turned in his draft card in protest against the Vietnam war. His draft board declared him delinquent, thereby moving him ahead of all other I–A registrants in the order of call. He was then ordered to report for induction under the accelerated induction procedures of the delinquency regulations. When he refused to submit to induction, he was prosecuted and convicted. The Supreme Court reversed his conviction, holding that the delinquency procedure under which he was inducted was without statutory authorization and that his induction order was consequently void.

5. Since *Gutknecht* involved a criminal prosecution, the Court did not pass on the availability of pre-induction judicial review.

of 'any induction order issued under the invalid delinquency regulations.[6]

## II

We think appellant Shea is also entitled to pre-induction judicial review on the basis of the Supreme Court's decision in *Breen*.[7] There the Court extended pre-induction judicial relief to a registrant entitled by statute to a student "deferment"; the Court could find no significant difference between the statutory "exemption" in *Oestereich* and the statutory "deferment" in *Breen*:

"We are consequently unable to distinguish this case from *Oestereich*. In both situations a draft registrant who was *required by the relevant law not to be inducted* was in fact ordered to report for military service. * * * *"

396 U.S. at 467, 90 S.Ct. 661. (Emphasis added.) The Court in *Breen* particularly noted that the "Government has never contested Breen's factual allegations concerning his student status, nor has it argued that he is not qualified for such a deferment for any reason except the alleged 'delinquency.'" 396 U.S. at 463–464, 90 S.Ct. at 666.

In the present case, appellant Shea is unequivocally entitled to a fatherhood deferment by presidential regulations issued pursuant to statutory authorization.[8] In other words, he is a registrant who is "required by the relevant law not to be inducted." 396 U.S. at 467, 90 S.Ct. at 666. As in *Breen*, the Gov-

ernment does not contest his qualifications for this deferment, other than his alleged delinquency. In these respects, Shea's case is on all fours with *Breen*. The only difference is that Shea's unequivocal entitlement to a fatherhood deferment derives from presidential regulations rather than from the statute itself.

We cannot believe there is either practical or legal significance in this distinction. We think that Mr. Justice Harlan's concurrence in *Breen* succinctly states the *ratio decidendi* of both that decision ond *Oestereich*:

"The Court's opinion here, as in Oestereich v. [Selective Service System Local Board No. 11], 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), appears to make the availability of pre-induction review turn on the lawfulness of the draft board's action, or to put it another way, on the certainty with which the reviewing court can determine that the registrant would prevail on the merits if there were such judicial review of his classification. * * * *"

396 U.S. at 468, 90 S.Ct. at 666. This reading of the Court's holding is consistent with the congressional purpose in enacting Section 10(b) (3) to prevent litigious delay in the process of raising an army. Preinduction review will always lie where there is no possibility of such delay, *e. g.* where the facts are uncontested, no discretion is involved, and the applicable "law" is clear. But whether that "law" involves statute, court de-

---

6. This conclusion was reached by the Third Circuit in a well reasoned opinion before the Supreme Court's decision in *Gutknecht*. Bucher v. Selective Service System, 406 F.2d 494 (1970). In the present case we are guided by that decision as well as the authority of *Gutknecht*.

7. The registrant in *Breen* was a college student who, under § 6(h) (1) of the Act, was entitled to a II–S student "deferment." When Breen protested American participation in the Vietnam war by turning in his draft card, his draft board de-

clared him delinquent and reclassified him from II–S to I–A. Breen then sought an injunction prohibiting his induction. The Supreme Court held, on the authority of *Oestereich*, that his suit was not barred by § 10(b) (3).

8. 50 U.S.C. App. § 456(h) (2) (Supp. IV 1965–1968). 32 C.F.R. § 1622.30(a) (1969) provides, in pertinent part:
"In Class III–A shall be placed any registrant who has a child or children with whom he maintains a bona fide family relationship in their home * * * *."

cision or regulation is as irrelevant as whether it involves an "exemption" or a "deferment."

The judgment of the District Court is reversed and the case is remanded for proceedings consistent with this opinion.

It is so ordered.