Terry A. LIESE, Nancy Joan Liese, Edward R. Liese, Frances L. Liese, Edward Thomas Liese, Mary Liese, By Her Mother and Next Friend, Lawrence Edward Liese, By His Mother and Next Friend, Deborah Liese, By Her Mother and Next Friend, and Anne Liese, By Her Mother and Next Friend

v.

LOCAL BOARD 102, Frederic David Kehl, Robert G. Bierer, George Henry Davis, Sr., Jack Harrison Hearst, Napoleon Williams, the National Director of Selective Service and Col. Ralph McCain.

No. 70 C 121(2).

United States District Court, E. D. Missouri, E. D.

April 15, 1970.

Louis Gilden, St. Louis, Mo., for plaintiffs.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for respondents.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the petition of Terry A. Liese requesting a preliminary and permanent injunction against his induction into the armed services. Petitioner Liese resides in St. Louis County, Missouri, and is a registrant of Local Board 102 of the Selective Service System, Ferguson, Missouri. The respondents are the members of the Local Board, Frederic David Kehl, Robert G. Bierer, George Henry Davis, Sr., and Jack Harrison Hearst; Napoleon Williams, the National Director of the Selective Service System; and Colonel Ralph McCain, State Director of the Selective Service System. The petitioner alleges jurisdiction under 28 U.S.C. §§ 1361, 1331, and 1651, and under the Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States. He also alleges that he will be injured in an amount in excess of $10,-000.00.

Petitioner Terry A. Liese was classified I–A on February 2, 1965. He attended college and was given a II–S on March 8, 1966. On February 7, 1967, he was classified I–A, but was reclassified II–S on March 7, 1967. On November 7, 1967, he was again classified I–A. On July 2, 1968, he was classified III–A. The III–A classification came as the result of petitioner's brother, Timothy Francis Liese, being killed in Vietnam on August 29, 1967. Petitioner did not request the III–A classification, but did inform the Local Board that his brother had been killed in Vietnam. At the time the Local Board granted the III–A classification (by a 4–0 vote), it stated:

"Board feels if a family has one son killed in this War, they have done more than their share for their Country, and that this registrant should be deferred * * * Even though there

is no provision in the present Selective Service Law."

Petitioner retained this III–A classification until August 12, 1969, when he was classified I–A. On November 13, 1969, he was ordered to report for induction on December 3, 1969. Prior to December 3, 1969, petitioner was arrested for peace disturbance in Berkeley, Missouri. He was released on bond and a trial date of February 18, 1970, was set. He was notified orally by the Secretary of the Local Board not to report on December 3, 1969. He did not receive an official selective service form or any other writing cancelling or postponing his induction.

On February 18, 1970, petitioner was found not guilty on the peace disturbance charge in Berkeley, Missouri. A letter dated March 2, 1970, from the executive secretary of the Local Board ordered the petitioner to report for induction on March 30, 1970.

On March 16, 1970, petitioner began this action seeking a preliminary and permanent injunction and writ of mandamus against the respondents, directing them to cancel his order of induction. A hearing was held on March 26, 1970, and the Court has been further informed by the briefs and arguments of the parties.

The petitioner alleges three grounds for relief in his petition. First, he alleges that he was neither inducted nor was his induction order postponed prior to December 31, 1969, and that, therefore, he can be inducted only under the Random Selection Sequence (draft lottery) which went into effect January 1, 1970. Petitioner's random selection sequence number is 326 and under 32 C.F.R. 1631.7 he cannot be ordered to report for induction until that number is called. The second ground asserted by petitioner is that the Local Board reopened his III–A classification without a request from petitioner and ended his deferment without any change in the facts which led them to give him a III–A. His third ground for relief is that

the section of the Military Service Act of 1967, 50 U.S.C. App. § 456(o), is unconstitutional in that it denies equal protection of the law by discriminating against a family which has more than one surviving son. The respondents challenge the jurisdiction of this Court to hear and determine this action because 50 U.S.C. App. § 460(b) (3) prohibits pre-induction judicial review of the classification or processing of any registrant.

■ The Court will consider the allegation that the sole surviving son statute, 50 U.S.C. App. § 456(o) is unconstitutional. It is the opinion of the Court that petitioner has failed to allege or prove the statute is so discriminatory that it is violative of the equal protection provisions of the Constitution and that it is unconstitutional. Therefore, the Court will deny relief on this ground.

■ Petitioner's second allegation deals with his reclassification from III–A to I–A. Petitioner on July 2, 1968, was classified as III–A until July 1, 1969, because of the death of his brother in Vietnam. The service-related death of a brother is not a proper basis for granting a III–A classification. Petitioner was properly classified I–A on August 12, 1969, and did not appeal this classification. It is the opinion of the Court that it is prohibited from reviewing this action of the Board by 50 U.S.C. App. § 460(b) (3). Although Oesterich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), dealing with exemptions and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S. Ct. 661, 24 L.Ed.2d 653 (1970), dealing with deferments allow pre-induction review where there is a clear departure by the local board from its statutory mandate, it is the opinion of the Court that this action of the Board is not illegal and this Court has no jurisdiction on this ground.

Petitioner's remaining contention is that his present order to report for in-

duction is invalid because his random selection sequence number of 326 has not been reached by his Local Board since January 1, 1970. Respondents contend that the induction order was issued prior to that date and that the random selection sequence is not involved. As stated earlier, petitioner's original order to report for induction was mailed November 13, 1969, and ordered him to report December 3, 1969. Petitioner, prior to December 3, 1969, was informed orally not to report. He was later (March 2, 1970) informed by letter that he was to report for induction on March 30, 1970. The random selection sequence went into effect January 1, 1970, and petitioner has a number of 326, which random selection number had not been reached at the time this cause was heard.

■ It is the opinion of the Court that the actions of the Local Board were contrary to the statute and regulations and that these actions can be classified as without lawful authority within the meaning of the *Breen* and *Oestereich* cases, and this Court has jurisdiction. Under the Selective Service System regulation 32 C.F.R. 1632.2, a local board can postpone an induction for up to sixty days in case of extreme emergency by issuing the registrant SSS Form 264. Another sixty days postponement may also be issued by the Board in cases of imperative necessity. Here, the Local Board did not issue form 264, in fact, petitioner did not receive any type of written notification that he was not to report on December 3, 1969. The postponement from December 3 to March 30 exceeds the first sixty days the regulations allow. The induction was not legally postponed, because no form 264 was issued. Petitioner was not reported as a delinquent. The respondents' answer to the petition in this case states the "induction * * * was placed in abeyance." There is no statutory or regulatory authority that allows a draft board to place a man in this type of limbo. By an Executive Order of November 26, 1969, the random selection se-

quence was ordered into effect January 1, 1970. It further provides that men shall be called by their random selection sequence number, except for delinquents, and volunteers, who are called first. Petitioner is not a delinquent. He is not under a validly postponed induction order. It is, therefore, the opinion of the Court that his status is governed by the Executive Order and that he may not be ordered to report for induction until his number is called under the random selection sequence system. The Court will issue an injunction so stating.

■ The parents and brothers and sisters of Terry A. Liese joined with him as parties in bringing this action. It is the opinion of the Court that 50 U. S.C. App. § 460(b) (3) and the *Breen* and *Oestereich* cases prohibit anyone but the registrant from challenging the action of the local board. Therefore, the petition of the parents and brothers and sisters of Terry A. Liese will be dismissed.

The above memorandum is adopted as the Court's findings of fact and conclusions of law.