Kenneth R. STELLA, Plaintiff-Appellant,

v.

SELECTIVE SERVICE SYSTEM OF the UNITED STATES OF AMERICA, LOCAL BOARD NO. 66, Defendant-Appellee.

No. 846, Docket 34825.

United States Court of Appeals, Second Circuit.

Argued May 21, 1970.

Decided June 8, 1970.

David B. Lubash, Jamaica, N. Y., for plaintiff-appellant.

Edward R. Neaher, U. S. Atty., Eastern Dist. of New York (Lloyd H. Baker, Asst. U. S. Atty., on the brief), for defendant-appellee.

Before SMITH and HAYS, Circuit Judges, and TENNEY, District Judge.*

* Of the Southern District of New York, sitting by designation.

TENNEY, District Judge.

This appeal from an order of the District Court for the Eastern District of New York (Judd, J.), denying plaintiff-appellant's application for a preliminary injunction, presents for review the issue of whether Section 10(b)(3) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 460(b)(3), deprives the District Court of jurisdiction of the within action. Tangentially presented for review is whether the "lottery system" which became effective January 1, 1970, pursuant to Executive Order No. 11497, 34 Fed.Reg. 19019 (1969), is applicable to a registrant who received an induction order prior to January 1, but who, at his own request, had his induction postponed until after January 1.

The relevant facts, which are not in dispute, reveal the following.

Having been classified 1A, appellant was originally ordered to report for induction in October 1969. At his request, this induction was postponed several times until April 21, 1970, when he was ultimately ordered to report for induction.

Appellant, who reached his 26th birthday in February of this year and is thus entitled to lottery number 212, contends that his induction should now be controlled by the present lottery system. The Government has acknowledged that appellant is being inducted under the pre-lottery system of selection, which system was in existence prior to January 1, 1970. There is also no dispute that under present law appellant would not yet be subject to induction since his birth date corresponds to a lottery number not yet reached in the order of call.

Appellant, contending that he was being illegally inducted into the Armed Forces, commenced an action in the Eastern District for a permanent injunction enjoining such induction. Pending trial of his action, an application for a stay of induction was made to Judge Judd of that court.

By order dated April 22, 1970, Judge Judd dismissed the action without prejudice to the bringing of a habeas corpus proceeding after induction. It was further ordered that appellant's induction be stayed one week in order to permit him to apply to this court for a stay of induction pending appeal. On April 27 of this year, we granted appellant's motion for an indefinite stay of induction pending final determination of the appeal.

Section 10(b)(3) of the Military Selective Service Act of 1967, in pertinent part, provides that "[n]o judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution * * * after the respondent has responded either affirmatively or negatively to an order to report for induction. * * * *"

The Supreme Court, however, has recently cautioned against an overly literal application of this statute. Breen v. Selective Service Board, 396 U.S. 460, 462, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); Oestereich v. Selective Service Board, 393 U.S. 233, 238, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

In *Oestereich, supra* at 238, 89 S.Ct. at 416, the Court held that the District Court had jurisdiction to determine whether there was a "clear departure by the Board from its statutory mandate," and that it would be unnecessarily harsh to construe Section 10(b)(3) so as to require a registrant to either refuse induction or wait until after he is inducted to challenge a "blatantly lawless" deprivation of a statutory exemption to which that registrant is allegedly entitled.

Similarly, in *Breen, supra,* 396 U.S. at 467–468, 90 S.Ct. at 666 the Court reaffirmed its position previously taken in *Oestereich* and remanded a case to the District Court holding that when a draft registrant who is "required by the relevant law not to be inducted * * * [is] in fact ordered to report for military service" he need not "submit to induction

or risk criminal prosecution to test the legality of the induction order."

Perceiving that *Oestereich* and *Breen* were exceptions to the prohibition of Section 10(b) (3) against pre-induction review of draft processes, the Court below found that the order of induction was neither "blatantly lawless" nor a "clear violation of * * * [a] statutory mandate." Transcript of the Hearing before Judge Judd at 12 (dated April 20, 1970).

We agree that the District Court was without jurisdiction to determine the legality of appellant's induction. However, in reaching this conclusion it is necessary for us to pierce the pleadings and probe the merits of the claim in order to determine whether the board's action appears to have been "blatantly lawless" or a "clear departure from its statutory mandate."

Without intimating any conclusive views as to the merits of appellant's claim, or inferentially attempting to reach a holding thereon, it seems clear that in view of the facts presented herein and since C.F.R. § 1632.2(d) provides that

"A postponement of induction shall not render invalid the Order to Report for Induction * * * which has been issued to the registrant but shall operate only to postpone the reporting date and the registrant shall report on the new date without having issued to him a new Order to Report for Induction. * * *"

the board's order was neither "blatantly lawless" nor a "clear departure from its statutory mandate." Accordingly, the doctrine of judicial abstention as enunciated in Section 10(b) (3) was properly applied by the District Court when it denied jurisdiction over appellant's claim. Further, that appellant is probably bound by the above-quoted regulation and therefore neither entitled to a new induction order nor subject to the lottery system is suggested by Gutknecht v. United States, 396 U.S. 295, 306, 90 S.Ct. 506, 511, 24 L.Ed.2d 532

(1970), wherein the Court unequivocally stated that "The random system * * * now * * * put in force * * * applies of course only prospectively."

Affirmed.