Stephen J. ZERILLO, Petitioner,

v.

LOCAL BOARD 102, Frederic David Kehl, Robert G. Bierer, George David Kehl, Robert G. Bierer, George Henry Davis, Sr., Jack Harrison Hearst, Napoleon Williams, Curtis W. Tarr, and Col. Ralph McCain, Respondents.

No. 70 C 273(2).

United States District Court,
E. D. Missouri, E. D.

July 17, 1970.

Louis Gilden, St. Louis, Mo., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for respondents.

MEMORANDUM

MEREDITH, District Judge.

Petitioner, Stephen J. Zerillo, is seeking to have his induction into the armed services enjoined. The respondents are Local Board 102, Frederic David Kehl, Robert G. Bierer, George Henry Davis, Sr., Jack Harrison Hearst, Napoleon Williams, Curtis W. Tarr, National Director of the Selective Service System, and Colonel Ralph McCain, State Director of Selective Service.

On August 15, 1969, petitioner was classified 1–A. On September 15, 1969, he was mailed SSS Form 252, ordering him to report for induction on October 13, 1969. On September 18, 1969, his employer, the St. Charles School District, requested a postponement until the end of the semester. The State Director authorized postponement and on September 24, 1969, SSS Form 264 was mailed to petitioner informing him that his induction had been postponed until February 1970. On December 15, 1969, the

School District requested a postponement until the end of the academic year. On January 19, 1970, SSS Form 264 was mailed to petitioner postponing his induction until June 1970. On January 1, 1970, the Random Selection Sequence went into effect.

 It is petitioner's claim that he cannot be inducted after January 1, 1970, until his lottery number of 352 is reached. He relies upon Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402 (1968); Breen v. Selective Service System Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); and Liese v. Local Board No. 102, 314 F.Supp. 521 (E.D.Mo. April 15, 1970). The respondents rely upon 50 App. U.S.C. § 460(b) (3), which prohibits pre-induction judicial review. It is the opinion of the Court that the petitioner has failed to state a claim upon which relief can be granted, and the petition will be dismissed. The actions of the Local Board are not lawless within the meaning of the *Breen* and *Oestereich* cases. This case is clearly distinguishable from the *Liese* case. The Executive Order of November 25, 1969, that implemented the lottery system provides that men shall be called by their random selection sequence number. Petitioner was called prior to that date. SSS Form 252 was mailed on September 15, 1969. Petitioner was under a valid postponement, which his employer had requested on his behalf, on November 25, 1969, and January 1, 1970. In the *Liese* case there was no valid postponement. Here the Local Board followed the regulations and used the proper forms; in *Liese* it did not. The petitioner requested the postponements and cannot claim now that they serve to completely alter his status. His notice of call dates from September 15, 1969. It was postponed —not cancelled, and is still effective. The regulations, 32 CFR 1632.2(d), state that a postponement shall not operate to render invalid the order to report, but shall operate only to postpone the date. The action will be dismissed.