Application of Joseph E. STEINER, Jr., Petitioner-Appellant,

v.

The OFFICER IN COMMAND, ARMED FORCES EXAMINING AND INDUCTION CENTER AT HOUSTON, TEXAS, et al., Respondents-Appellees.

No. 28846.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1970.

John N. Barnhart, Houston, Tex., for appellant.

Carl Walker, Jr., James Gough, Asst. U. S. Attys., Houston, Tex., for appellees.

Before GEWIN, MORGAN and ADAMS,* Circuit Judges.

ADAMS, Circuit Judge:

This case raises two issues relating to judicial review of the decisions of a Local Selective Service Board prior to a registrant's induction.

Selective Service Local Board No. 59 ordered Joseph E. Steiner, Jr. to report for induction on July 3, 1969. On the day scheduled for induction, while Steiner was being processed at the induction center, his attorney filed a document entitled, "Petition for Writ of Habeas Corpus, Temporary Restraining Order and Injunction". Later that day, subsequent to having been found fit to serve in the Armed Forces, Steiner refused to submit to induction.

After an evidentiary hearing, the Honorable Allen B. Hanney, United States District Judge for the Southern District of Texas, made the following findings of fact which are not challenged on this appeal: After being graduated from college, Steiner sought several deferments from conscription. First, he asked to be classified II-C on the ground he was a farmer. Then, he asked for a III-A classification, asserting he was the sole support of his grandmother. The Local Board, after considering Steiner's claims, classified him I-A, and the Appeal Board affirmed. Thereafter, Steiner claimed he had incurred a physical disability and requested an appointment with the Local Board's Medical Advisor. The Local Board refused this request, ordered Steiner to report for induction, but postponed the date of induction in order to consider Steiner's assertion that he was a conscientious objector. In connection with this claim, the Local Board granted Steiner an interview, but after the interview it declined to reopen his classification.

In his petition to the District Court Steiner ascribed to the Local Board numerous procedural and substantive errors. He contended that he is qualified as a farmer for a II-C classification and the Local Board's refusal to so classify him had no basis in fact. Steiner also claimed that the Local Board's refusal to reopen his classification to consider a III-A (hardship) classification, and a I-O (conscientious objector) classification, was arbitrary and a denial of due process because Steiner asserted he presented to the Local Board facts which entitled him prima facie to those classifications. Further, Steiner contended he was deprived of due process because the Local Board refused to grant him, pursuant to his request, an interview with the Board's Medical Advisor, and a majority of the members of the Local Board, although residents of the appropriate county, were not residents of the area over which the Board has jurisdiction. Thus, Steiner asserted the order to report for induction exceeded the Board's statutory power, and that he had a right to have his contentions considered prior to induction, despite § 10(b)(3) of the Selective Service Act of 1967, 50 U.S.C.A. App. § 460(b)(3). Following its evidentiary hearing, the District Court dismissed Steiner's petition "for want of jurisdiction over the subject matter" referred to therein.

Because we affirm the District Court's holding that Steiner is prohibited by § 10(b)(3) from pre-induction review of his allegations, we do not here decide whether the errors asserted make the Local Board's order of induction unenforceable. Such errors may be considered in connection with a petition for habeas corpus after induction or as a defense to a criminal indictment based on Steiner's refusal to submit to induction.[1]

Turning first to Steiner's petition for injunctive relief, we agree with the District Court that § 10(b)(3) deprives the court of jurisdiction prior to induction

---

* Of the Third Circuit, sitting by designation.

1. At oral argument we were informed by counsel that criminal proceedings have been instituted against Steiner.

to decide the issues raised by Steiner. Section 10(b) (3) provides in part:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title * * * after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

It is Steiner's theory that he may obtain pre-induction adjudication of his claims, notwithstanding § 10(b) (3), under the Supreme Court's construction of the Selective Service Act of 1967 announced in Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), and Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

In *Oestereich,* the Local Board had originally classified the registrant IV-D, the ministerial exemption provided by § 6(g) of the Act, 50 U.S.C.A. App. § 456 (g).[2] It later determined he was "delinquent" and reclassified him I-A, because Oestereich had returned his Selective Service registration certificate in order to express his opposition to the Vietnam war. The significant element in *Oestereich* and the basis for the Supreme Court's construction of § 10(b) (3) was the clash between § 10(b) (3) and § 6(g) of the Selective Service Act of 1967. The Supreme Court decided

that Congress had not intended to prevent pre-induction judicial review in a case involving "a clear departure by the Board from its statutory mandate" in a "blatantly lawless manner". The Court made it clear that its holding applied only to the specific situation where "it was plain on the record" that the exemption is "in no way contested." 393 U.S. at 238, 89 S.Ct. at 416.

Likewise, the Court in *Breen* considered the issue of the Board's power to deprive a delinquent registrant of a deferment previously granted when there was no doubt that Breen remained qualified for the deferment. 396 U.S. at 463–464, 90 S.Ct. 661. In *Breen,* the Local Board had classified petitioner II-S, a deferment for students provided by statute, 50 U.S.C.A. App. § 456(h), but later reclassified petitioner I-A after he was declared "delinquent" for failing to have his draft card in his possession. Just as in *Oestereich,* the Government did not contest Breen's qualification for the classification originally assigned by the Local Board. The Court decided that *Breen* was controlled by *Oestereich* and repeated its view that Congress did not intend § 10(b) (3) to bar pre-induction review when local boards deprived qualified students of their deferments as a punishment for "delinquency." *See e. g.* Evans v. Local Board No. 73, 425 F.2d 323 (10th Cir. 1970); Shea v. Mitchell, 137 U.S.App.D.C. 227, 421 F.2d 1162, 1165 (D.C.Cir. 1970); Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504, 520 (D.C.Cir. 1969); Sloan v. Local Board No. 1, 414 F.2d 125 (10th Cir. 1969).

The allegations made by Steiner do not bring this case within the scope of *Oestereich* and *Breen,* because Steiner disputes the factual determinations made by the Local Board. Unlike Oestereich

2. Section 6(g) provides: "Regular or duly ordained minister of religion, as defined in this title * * *, and students preparing for the ministry under the direction of recognized churches or religious organizations, who are satisfactorily pursuing full-time courses of instruction in recognized theological or divinity schools, or who are satisfactorily pursuing full-time courses of instruction leading to their entrance into recognized theological or divinity schools in which they have been pre-enrolled, shall be exempt from training and service (but not from registration) under this title."

and Breen in the absence of a full evidentiary hearing it may not be said that Steiner has a clear and unequivocal right to a classification other than the I–A assigned to him by the Local Board. It is irrelevant whether the errors alleged by Steiner are substantive or procedural, because had the District Court permitted this case to be tried in order to determine whether Steiner had been injured by the alleged irregularities, ultimately the Court would have been forced to decide whether Steiner was qualified for some classification other than I–A. Prior to induction such judicial determination of a registrant's classification is clearly prohibited by § 10(b) (3). There is nothing in *Oestereich* or *Breen* that can be construed otherwise.

Rather than being controlled by *Oestereich* or *Breen,* this case is governed by *Clark v. Gabriel,* 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968)—the companion to *Oestereich*—in which the Supreme Court found § 10(b) (3) to be constitutional and construed it as insulating from pre-induction, judicial review all determinations of disputed facts made by local boards. The basis for the decision in *Clark* is equally applicable here —"To allow pre-induction judicial review of such [factual] determinations would be to permit precisely the kind of 'litigious interruptions of procedures to provide necessary military manpower' (113 Cong.Rec. 15426 (report by Senator Russell on Conference Committee action)), which Congress sought to prevent when it enacted § 10(b) (3)." 393 U.S. at 258, 89 S.Ct. at 426. *See* Davis v. Members of Selective Service Board, No. 30, 433 F.2d 736 (5th Cir., 1970); Edwards v. Selective Service Local Board No. 111 et al., 432 F.2d 287 (5th Cir., 1970). For the foregoing reasons, we affirm the District Court's conclusion that it lacked jurisdiction to decide the issues raised in Steiner's petition for injunctive relief.

■ Steiner's appeal from the District Court's dismissal of his petition for habeas corpus raises a more difficult and subtle issue than that presented by the dismissal of his petition for injunctive relief.[3] In considering the habeas corpus petition, we emphasize that Steiner is not and never has been subject to military custody. The record is clear that Steiner refused at the induction center to make the symbolic gesture of stepping forward to acknowledge the exercise of military jurisdiction over his person. Had he done so, his petition for habeas corpus might well be within the subject matter jurisdiction of the federal courts. See, Oestereich v. Selective Service System Local Board, supra, 393 U.S. at 235, 89 S.Ct. 414; Morgan v. Underwood, 406 F.2d 1253 (5th Cir. 1969); In re Kelly, 401 F.2d 211 (5th Cir. 1968); S.Rep. No. 209, 90th Cong. 1st Sess., 10. Steiner's petition for habeas corpus is grounded upon his presence at the induction center for a short period of time—no more than a few hours. Steiner contends, since the Local Board ordered him to report to the induction center and any failure to comply with the order might subject him to criminal penalties,[4] that for the short time he was present at the induction center he was in "custody" within the meaning of the Habeas Corpus Statute, 28 U.S.C.A. § 2241(c).

Federal courts considering the availability of habeas corpus prior to induction into the Armed Forces have uniformly held, with the single exception of Ex parte Fabiani, 105 F.Supp. 139 (E.D. Pa.1952), that habeas corpus is not available until the registrant is inducted into the Armed Forces. Scaggs v. Larsen, 396

---

3. Under Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), this controversy is not made moot by Steiner's completion of pre-induction processing at the induction center and his subsequent departure from the center after refusing to submit to induction into the Armed Forces.

4. 50 U.S.C.A. App. § 462(a) provides a maximum five year prison sentence and a $10,000 fine for failure to perform a duty imposed under the Selective Service Act of 1967 or directions given thereunder.

U.S. 1206, 1207, 90 S.Ct. 5, 24 L.Ed.2d 28 (note 2) (1969). The holding of Ex parte Fabiani has been rejected in Lynch v. Hershey, 93 U.S.App.D.C. 177, 208 F.2d 523, 524 (1954), and criticized in Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1938, 1258–1259 (1970). In de Rozario v. Commanding Officer, 390 F.2d 532, 535–536 (9th Cir. 1967), the Ninth Circuit squarely held that mere presence at an induction center pursuant to an order by a local board is not a sufficient deprivation of liberty to make habeas corpus available. The Court stated that de Rozario " * * * was not physically detained by appellees, nor was he subject to military jurisdiction. He could have left the induction center had he so chosen, and would presumably have been subject to civil (non-military) prosecution." 390 F.2d at 536.[5]

We agree with the reasoning in Lynch v. Hershey, supra, that the Local Board's order to report to the induction center does not establish "custody" within the meaning of 28 U.S.C.A. § 2241, because "If habeas corpus were an applicable remedy here the writ would of necessity have to be made available to every person who anticipates prosecution for violation of law. That has never been the function and purpose of habeas corpus and we deem it unwise to dilute the potency of the great writ by sanctioning its use in circumstances not related to actual confinement." 208 F.2d 523, at 524.

In Biron et al. v. Collins, 145 F.2d 758, 759 (5th Cir. 1944), this Circuit pointed out that habeas corpus is unavailable to test the lawfulness of Selective Service orders because the Selective Service has no power to seize and produce the regis-

trant's body in answer to the writ. The fact that the disobedience to lawful board orders is a crime does not make those orders subject to review via habeas corpus.

As Judge Sibley said in the *Biron* case: "The law constantly threatens imprisonment to anyone who does not obey its commands, but one is not for that reason entitled to examine the validity of the law by writ of habeas corpus. A judge issues an order of injunction, perhaps erroneously, and it must be obeyed on pain of contempt, or a subpoena duces tecum may require attendance and production of papers which are privileged, and the person must attend; but in neither case can a remedy be sought by habeas corpus before actual attachment and arrest; and then not against the judge, but against the officer who has actual custody." 145 F.2d at 759.

More recently, in Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5th Cir., 1970), this Circuit reiterated that the writ of habeas corpus " * * * can only be employed as a post-induction remedy * * *."

A view of all the circumstances surrounding Steiner's presence at the induction center persuades us that habeas corpus is not an appropriate procedure by which to attack the validity of the Local Board's induction notice. Steiner's Selective Service processing had not been completed until he was instructed to enter the Armed Forces, and until the very moment of induction the defects of which Steiner complains might have been corrected administratively without the aid of litigation. In addition the Board's procedures and determinations to the extent they are judicially reviewable may

---

5. That Steiner's presence at the induction center was not directly compelled is demonstrated by army regulations, which provide that "a registrant who refuses to take part in some or all of the processing, testing, or examinations, will be counselled as to the seriousness of his action, and advised that persistence in such action will necessitate his return to his

Selective Service Local Board * * *. If he still persists in refusing to take part in some, or all, of the pre-induction processing, testing or examination, he will be returned to his Selective Service Local Board." Armed Forces Examining and Entrance Station Processing, Chap. 3, § II. Selective Service Law Reporter at 2239.

be attacked, as Congress intended, either by habeas corpus *after* induction or in a defense to a criminal indictment.

Accordingly, the District Court's dismissal of the action for lack of jurisdiction is affirmed.