**Stephen J. ZERILLO, Appellant,**

v.

**LOCAL BOARD NO. 102 et al., Appellees.**

**No. 20429.**

United States Court of Appeals,
Eighth Circuit.

March 29, 1971.

Rehearing Denied April 23, 1971.

Gibson, Circuit Judge, concurred in the result and filed opinion.

---

Louis Gilden, St. Louis, Mo., for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Daniel Bartlett, Jr., U. S. Atty., Robert V. Zener, Reed Johnston, Jr., Attys., Dept. of Justice, Washington, D. C., for appellees.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

McMANUS, Chief District Judge.

Appellant, Stephen J. Zerillo, brought an action in the Eastern District of Missouri seeking to have his induction into the Armed Services enjoined. Judge Meredith dismissed for failure to state a claim upon which relief could be granted, 315 F.Supp. 1042, and Zerillo appeals from that order. We affirm.

Appellant's request for an occupational deferment as a school teacher was denied by the local board and he was classified I–A on March 11, 1969. This classification was affirmed by the State Board and after being reached in the order of call, Appellant was mailed an order to report for induction on October 13, 1969. In September his induction was postponed at the request of the Superintendent of Schools for St. Charles, Missouri to allow him to complete the first semester of teaching.[1]

---

1. This postponement was authorized by the state director on September 23, 1969 and was to extend until the first call in February, 1970. Pursuant to the regulations Appellant was mailed SSS Form 264 by the local board on September 24, 1969.

The school district experienced difficulties replacing Appellant for the second semester, so on December 22, the superintendent again wrote the local board requesting an additional postponement of Appellant's induction until the end of the school year. This additional postponement was authorized by the State Director and granted by the local board on January 13, 1970. On January 19, the local board mailed Appellant a letter ordering him to report on February 6, 1970 and SSS Form 264 postponing his induction until the first call after June 5.

This action was begun on June 4, 1970, after Appellant had been mailed a notice to report for induction on June 22, 1970, by the local board. Judge Meredith dismissed Appellant's complaint on July 17, because of Appellant's failure to state a claim upon which relief could be granted since the action of the board was not lawless within the meaning of *Oestereich* [2] and *Breen*.[3]

On appeal Appellant urges that 50 U. S.C. App. Section 460(b) (3) [4] does not bar this action since only legal issues are presented and the court is not called upon to review factual determinations or discretionary action of the board. Further, Appellant asserts that his induction was unlawful because irregularities in the postponements of induction had the effect of canceling his order to report bringing him within the system which went into effect January 1, 1970.[5] In the alternative, he claims that the lottery is the exclusive method for determining the order of call after January 1, 1970. Appellees contend the action is barred by section 460(b) (3) and that the postponement procedures were proper.

■ Under the recent Supreme Court decisions interpreting section 460(b) (3), the issue of jurisdiction to challenge a local board's action in classification or processing of a registrant prior to induction is inextricably intertwined with the merits of the controversy. See e. g., Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5th Cir. 1970); Stella v. Selective Service System Local Board No. 66, 427 F.2d 887 (2d Cir. 1970); Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504 (1969). It is clear that a literal reading of the statute to bar all judicial review of the classification or processing of a registrant prior to induction is improper. Breen v. Selective Service System Local Board No. 16, *supra*; Oestereich v. Selective Service System Local Board No. 11, *supra*. In Oestereich and Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968) the court construed 460(b) (3) to allow pre-induction judicial review where the board's action is blatantly lawless or a clear departure from a statutory mandate but not where the board acts within its statutory authority with respect to a discretionary classification or exercises judgment in determining facts and evaluating evidence. See generally Winick, Direct Ju-

---

2. Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233 (1968).

3. Breen v. Selective Service System Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661. 24 L.Ed.2d 653 (1970).

4. Section 460(b) (3) provides in part:
"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant deter-

mined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

5. See 32 C.F.R. §§ 1631.5, 1631.7. Appellant's lottery number based upon his birth date is 352. This number had not been reached at the time Appellant was ordered to report, hence if Appellant's order of call was to be determined under this system his induction would be unlawful.

dicial Review of the Actions of the Selective Service System, 69 Mich.L.Rev. 55 (1970).

Hence, a registrant who has been ordered inducted, and who can show that the relevant law establishes that he should not be inducted may seek and obtain judicial review prior to induction. See e. g., Breen v. Selective Service System Local Board No. 16, *supra*; Oestereich v. Selective Service System Local Board No. 11, *supra*; Nestor v. Hershey, *supra*. In applying this test, it is clear where it appears from the complaint that review of factual questions or discretionary actions of the board is sought, determination of the merits is barred by 460(b) (3). Clark v. Gabriel, *supra*; Burnett v. United States, 433 F.2d 1356 (5th Cir. 1970); Green v. Local Board No. 87, 419 F.2d 813 (8th Cir. 1970) cert. diss. 397 U.S. 1059, 90 S.Ct. 1407, 25 L.Ed.2d 682. Likewise, in cases like *Breen* and *Oestereich* where First Amendment rights are involved and the questions to be determined are purely legal, review is proper. However, it is not clear in cases like the one before us where the challenge is not based upon constitutional grounds but is limited to legal interpretations of the statute and regulation, if or to what extent the court should look to the merits in determining the applicability of 460(b) (3). *Compare* e. g. Nestor v. Hershey, *supra*; Edwards v. Selective Service Local Board No. 111, 432 F.2d 287 (5th Cir. 1970) (dissenting opinion) with Fein v. Selective Service Local Board No. 7, 430 F.2d 376 (2d Cir. 1970).

Some courts have felt that the propriety of review was controlled by the clarity with which the court could say plaintiff would prevail; consequently, they have looked only superficially at the merits and left open the possibility of reasserting the claim as a defense to criminal prosecution. See Breen v. Selective Service Local Board No. 16, *supra*, at 468 (Harlan concurring); Edwards v. Selective Service Local Board No. 111, *supra*; Stella v. Selective Service System Local Board No. 66, *supra*; Evans v. Local Board No. 73, etc., 425 F.2d 323 (10th Cir. 1970); Shea v. Mitchell, 137 U.S.App.D.C. 227, 421 F.2d 1162 (1970). This approach seems unduly restricted where only legal issues which are not clearly without merit are presented. Since the court must then look to the merits to some extent to determine if relevant law require the registrant not to be inducted, in effect, two courts are required to examine the merits. This result appears not only to be wasteful of judicial time but lends itself to the litigious interruptions of military manpower procurement that 460(b) (3) was designed to prevent. See National Student Assn. v. Hershey, 134 U.S.App. D.C. 56, 412 F.2d 1103 (D.C. Cir. 1969). Hence, since we must look to the merits to determine whether relevant law required that Zerillo not be inducted, we can see no reason why we should not pass upon the merits at this time. See Nestor v. Hershey, *supra*.

Turning then to the merits, Appellant raises essentially two questions. First, he contends that the postponement of induction was irregular and, hence, it cancelled his induction. We do not agree. 32 CFR Sections 1632.2(d) and 1632.14(a) provide in part respectively:

(d) A postponement of induction shall not render invalid the Order to Report for Induction (SSS Form No. 252) which has been issued to the registrant but shall operate only to postpone the *reporting date* and the registrant shall report on the new date without having issued to him a new Order to Report for Induction (SSS Form No. 252).

(a) * * * If the time when the registrant is ordered to report for induction is postponed, it shall be the continuing duty of the registrant to report for induction upon the termination of such postponement and he shall report for induction at such time and place as may be fixed by the local board. * * *

Hence, it seems clear that a valid postponement does not cancel an outstanding order to report and that a continuing duty to report upon the expiration of the postponement is imposed upon the registrant. See Davis v. United States, 410 F.2d 89, 93 (8th Cir. 1969).

■ Furthermore, here we can find no irregularity in the procedures surrounding the granting of the postponement. Both postponements were upon the authority of the state director, hence, the extent of the delay is not relevant. 32 CFR 1632.2(a). In both cases the proper forms were mailed to the Appellant and the period of postponement was not indefinite.

■ Next, Appellant contends that when the lottery went into effect on January 1, 1970, it became the exclusive method for determining the order of call for filling future quotas. Hence, he argues since his number has not been reached, his induction would be improper. We disagree. The random selection process was designed to determine the order of call of registrants other than delinquents or volunteers, who prior to that date, had reached their 19th but not 26th birthday. 32 CFR §§ 1631.5(d), 1631.7. Recently in Gutknecht v. United States, 396 U.S. 295, 306, 90 S.Ct. 506, 24 L.Ed.2d 532 (1969) the Supreme Court indicated by way of dicta that it was to apply prospectively. Here, Appellant's order of call had been determined but his induction postponed at his request pursuant to the regulation, and no cancellation was effected by the institution of the random selection process. See Stella v. Selective Service System, 427 F.2d 887 (2d Cir. 1970).

Accordingly, since we find Appellant's induction order was not issued in a blatantly lawless manner nor in violation of a clear statutory mandate, the action was correctly dismissed.

Affirmed.

GIBSON, Circuit Judge (concurring).

I concur in the result as I think this case comes clearly within the provisions of Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. A. App. § 460(b) (3) precluding pre-induction judicial review. Additionally, the valid postponements of induction granted at the request of the petitioner or his employer did not operate to cancel petitioner's order of call in 1969. His obligation for military service was set at that time. 32 C.F.R. § 1632.2(d), 32 C. F.R § 1632.14. Stella v. Selective Service System, Local Board No. 66, 427 F.2d 887 (2d Cir. 1970). The random selection instituted by the President set forth in 32 C.F.R. § 1631.7 on November 26, 1969 became effective January 1, 1970 and applies prospectively only on those called for military service. Gutknecht v. United States, 396 U.S. 295, 306, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970).