**Ralph Wesley THOMAS, Jr., Plaintiff,**

v.

**Dr. Curtis TARR, Director of the Selective Service System, Local Board #28 of Dare County, North Carolina, Local Board #39 of Orleans Parish, La., Defendants.**

Civ. A. No. 71–1166.

United States District Court,
E. D. Louisiana,
New Orleans Division.

May 25, 1971.

---

2. J. A. Wiggins conveyed a one-half undivided interest in the property to his wife, Mrs. Dovie B. Wiggins, on October 20, 1952.

James J. Morrison, Jr., New Orleans, La., for plaintiff.

James Carriere, Asst. U. S. Atty., New Orleans, La., for defendants.

CASSIBRY, District Judge:

Ralph Wesley Thomas, Jr. seeks a preliminary and permanent injunction restraining defendants from enforcing an induction order and writ of mandamus compelling his local draft board to reclassify him in Class IV–D (divinity student) or to reopen his classification and thereby afford him certain procedural rights.

The chronology of events leading to this litigation are found in plaintiff's Selective Service file. Prior to April of 1970 plaintiff had received a IV–D classification on the basis of his attendance at Louisiana Bible College. On April 1,

1970, he was reclassified as I–A and did not appeal. On September 10, 1970, Local Board # 28 (Plaintiff's Local Board in North Carolina) mailed plaintiff an induction notice. The induction order was transferred to Local Board # 39 in New Orleans on September 18, 1970, because plaintiff was living and working here. On September 23, 1970, H. Reigart Miller, Pastor of the Prytania Street Gospel Temple, notified the New Orleans board that:

"For the past year Wesley Thomas has been the assistant Pastor of the Church known as the Prytania Street Gospel Temple, located at 2101 Prytania Street, New Orleans, La. He is serving as a full time employee of the Missionary Society and participates in all of the activities of this organization.

"He is also taking a full Bible College course at Louisiana Bible College (also located at 2101 Prytania Street), preparatory to becoming a fully ordained minister."

Reverend Miller requested that plaintiff be exempted from military service. The New Orleans Board forwarded this letter to Local Board # 28, notifying them that enclosed was a "ministerial claim." On January 20, 1971, Local Board # 28 requested of plaintiff certain information about his attendance at Louisiana Bible College, which information was supplied by letter of the College dated January 29, 1971. On March 15, 1971, Local Board # 28 wrote the North Carolina State Headquarters stating:

"Enclosed please find the above named file for review. As you will see, Mr. Thomas is still under orders to report for Induction, *and we feel that he does qualify for the IV–D Classification.*

"Awaiting your prompt reply as to further instructions we are * * *" (Emphasis added.)

Subsequently, on April 12, 1971, State Headquarters wrote back disclosing that they had investigated the school with the Louisiana State Headquarters, and determined that it was not a "recognized institution for student deferment or for ministerial deferment." Two days later Local Board # 28 directed Local Board # 39 in New Orleans to issue an induction order which was issued on April 21, 1971, ordering plaintiff to report for induction on April 26, 1971.

After this induction notice was issued plaintiff attempted several times to contact Local Board # 28 in North Carolina by phone without success. The State Headquarters for North Carolina was then contacted and plaintiff learned for the first time that an investigation had been conducted, and that it was on the basis of the information developed in this investigation that he was denied an IV–D classification. Plaintiff sent a telegram to North Carolina State Headquarters, detailing the organization of the Church and the school, his activities, and the fact that Rev. Miller had died on January 22, 1971, thus necessitating his assumption of more of the pastoral duties of the Church. Plaintiff requested that his classification be reopened and that he be reclassified in class IV–D. Subsequently, plaintiff was informed that his request had been denied on the basis that the additional information presented did not justify reopening.

The instant complaint was filed on April 24, 1971. A temporary restraining order was issued to prevent plaintiff's induction pending a hearing on the complaint for a preliminary and permanent injunction and for mandamus. The hearing was held on May 12, 1971, and the matter was taken under advisement at that time. The parties were given an opportunity to file further memoranda.

Defendants question this Court's jurisdiction to entertain a preinduction review of plaintiff's selective service classification in view of Section 10(b) (3) of the 1967 Selective Service Act, 50 U. S.C. App. § 460(b) (3), which provides:

"No judicial review shall be made of the classification or processing of

any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under Section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

While Section 10(b) (3) read literally would preclude all preinduction judicial review, the Supreme Court has created a narrow exception which permits review in cases where the draft board's acts are "blatantly lawless", Oestereich v. Selective Service Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402 (1969), or involve "a clear departure by the Board from its statutory mandate." *Oestereich, supra*; Breen v. Selective Service Local Bd. No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). *Oestereich* and *Breen* involved draft board actions which utilized delinquency regulations to deprive otherwise qualified registrants of a ministerial exemption (Oestereich) and an undergraduate collegiate deferment (Breen) which Congress had expressly granted. Preinduction judicial review of these actions was permitted. On the other hand, the Supreme Court has upheld Section 10(b) (3) as a bar to preinduction judicial review of a draft board action which allegedly refused a discretionary classification without basis in fact and because of hostility and bias. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

"Fundamentally, these controlling precedents hold that 10(b) (3) cannot sustain such a literal reading as would forbid preinduction judicial interruption of classification or processing of any registrant by local boards, appeal boards or the President where such classification or processing is (1) without statutory basis, (2) conflicts with rights explicitly established by statute *and* (3) is not dependent upon an act of judgment by selective service officials. Such action is *blatantly lawless* and may be interdicted by judicial action when it occurs. On the other hand, such classifications or procedures as are (a) within the statutory authority of the Selective Service System and (b) involve the exercise of discretion, cannot be interfered with by court action before induction." Edwards v. S.S. Local Bd. No. 111, 432 F.2d 287, 292 (5th Cir. 1970).

Plaintiff's first contention is that the failure of his local board in North Carolina to reopen his classification after it had determined [1] that a *prima facie* case for a IV-D classification had been presented constituted a "blatantly lawless" act which was a "clear departure * * * from its statutory mandate." Oestereich, *supra*; Breen, *supra*. Reliance is placed upon Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), for the proposition that where a registrant presents a nonfrivolous, *prima facie* claim for change in classification based on new factual allegations which are not conclusively refuted by other information in his file, the local board's refusal to reopen his classification is an abuse of its discretion and a denial of procedural due process in that it deprives the registrant of the right to a personal appearance and the right to appeal. 398 U.S. at 416, 90 S.Ct. 1766. I find *Mulloy* inapposite to the instant case for two reasons. First, *Mulloy* was a criminal prosecution, not a preinduction review case. Therefore, there was no occasion for the Court to consider the effect of Section 10(b) (3). Second, there was no outstanding induction order at the time Mulloy requested a reopening of his classification and presented new information to the board in support thereof. Therefore, the local board in *Mulloy* was not bound by the strict limitations on reopening after the issuance

---

1. On March 15, 1971, Local Board #28 wrote to North Carolina State Headquarters that "we feel that he [Ralph Wesley Thomas, Jr.] does qualify for the IV-D Classification."

of an induction order, 32 C.F.R. 1625.2.[2] Ferrell v. S.S. Local Bd. No. 38, 434 F. 2d 686, 688 (2d Cir. 1970); Edwards v. S.S. Local Bd. No. 111, *supra*, 432 F.2d at 293–294. Once an induction order is issued, a local board cannot reopen unless the change in status results from circumstances beyond the registrant's control. United States ex rel. Johnson v. Irby, 438 F.2d 114 (5th Cir. 1971). The same principles apply to plaintiff's contention that the Board had a mandatory duty to reopen his classification upon receipt of his telegram. Plaintiff's local board was bound by the same strict standard for reopening his classification at that time.

Plaintiff also contends that his local board did in fact reopen his classification by undertaking an investigation into the Louisiana Bible College. In other words, plaintiff argues that his board considered his claim on its merits, and this constituted a *de facto* reopening of his classification, thereby entitling him to certain procedural rights such as personal appearance and appeal. Miller v. United States, 388 F.2d 973 (9th Cir. 1967); United States v. Grier, 415 F.2d 1098 (4th Cir. 1969). A *de facto* reopening has been held to cancel an outstanding induction order. United States v. Westphal, 304 F.Supp. 951 (D.So.Dakota 1969); United States v. Melrose, 314 F.Supp. 346 (D.So.Dakota 1969). All of the "*de facto* reopening" cases relied upon by plaintiff, however, were criminal prosecutions which did not involve Section 10(b) (3).

In light of the fact that this is a preinduction review case, involving a request for reopening made after an induction order had been issued, no authority has been cited or found which would give this Court jurisdiction to review the action of plaintiff's local board

in refusing to reopen his classification. The compelling language of Section 10(b) (3) appears to preclude this Court from entertaining plaintiff's complaint on its merits, and I am unpersuaded that the exceedingly narrow exception created by *Oestereich* and *Breen* should be extended to include the circumstances here present. Clark v. Gabriel, *supra*; Edwards v. S.S. Local Bd. No. 111, *supra;* Burnett v. United States, 433 F.2d 1356 (5th Cir. 1970); Steiner v. Officer in Command, Armed Forces, 436 F.2d 687 (5th Cir. 1970); Ferrell v. S.S. Local Bd. No. 38, *supra;* Gregory v. Tarr, 436 F.2d 513 (6th Cir. 1971).

Accordingly, it is ordered that the complaint for preliminary and permanent injunction and for mandamus be, and it is hereby, dismissed.

---

2. Selective Service Regulations, 32 C.F.R. 1625.2, in pertinent part, provides:

"The classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."