Robert Austin WRIGHT, Plaintiff-Appellee,

v.

SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 105, ST. LOUIS COUNTY, MINNESOTA, et al., Defendants-Appellants.

No. 71-1011.

United States Court of Appeals, Eighth Circuit.

June 10, 1971.

Morton Hollander, Chief, Appellate Section, L. Patrick Gray, III, Asst. Atty. Gen., Robert G. Renner, U. S. Atty., J. F. Bishop, Atty., Dept. of Justice, Washington, D. C., for appellants.

No argument was made by appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

The government brings this appeal from the issuance of an injunction by the United States District Court for the District of Minnesota enjoining the defendants from inducting the plaintiff into the armed services. We reverse.

The facts of this case are fully set out in the lower court's opinion, published at 319 F.Supp. 509. For the purposes of this appeal, the facts can be briefly stated:

(1) On July 10, 1969, the Local Board issued its order to the plaintiff to report for induction on August 6, 1969. On two subsequent occasions, the order was postponed by authority of the state director for reasons not relevant here.[1]

(2) On July 23, 1969, the registrant's wife took a test for pregnancy which proved negative.

(3) On September 5, 1969, a pregnancy test on the registrant's wife proved positive. It has been established medically that the conception occurred prior to July 10, 1969, the date of the issuance of the order for induction.

(4) On September 13, 1969, the registrant requested the Local Board to reopen his I-A classification and grant him a III-A fatherhood deferment. He submitted a physician's verification of pregnancy and a completed information questionnaire.

(5) On February 18, 1970, the Local Board refused to reopen the registrant's classification.

(6) The registrant's wife gave birth to a child on March 30, 1970.

---

1. At oral argument, a question arose concerning the validity of these postponements. We have examined the Selective Service files and have found that both of the postponements were authorized by the state director, were for a specified period of time and were accompanied by the proper notice to the registrant. It is, therefore, clear that the postponements were properly granted. Zerillo v. Local Board No. 102, 440 F.2d 136 (8th Cir. 1971).

(7) On April 13, 1970, the registrant requested a reopening and reclassification on the basis of the birth of his child.

(8) On May 21, 1970, the Local Board again refused to reopen.

(9) On August 6, 1970, the registrant instituted the present action to enjoin his induction.

(10) On October 2, 1970, the injunction was granted. The lower court held that a conception occurring prior to the mailing of an Order to Report for Induction, which cannot be and is not discovered until after the mailing, is nevertheless grounds for a III-A fatherhood deferment.

On appeal, the government raises two issues: (1) the scope of pre-induction review under 50 U.S.C. App. § 460(b) (3), and (2) the scope of the fatherhood deferment.[2]

We dispose of this case by holding that the lower court erred in granting relief since the applicable regulations did not entitle the registrant to a III-A fatherhood deferment.[3] In Ryan v. Hershey, *supra*, we held that 32 C.F.R. § 1622.30(c) (3) is a valid exercise of Presidential discretion and that it precludes the granting of the III-A fatherhood deferment on account of unborn children unless the registrant notifies his Local Board of the pregnancy prior to the issuance of his induction order. In our view, this regulation establishes a valid criterion for the issuance of the deferment and is not superseded or modified by 32 C.F.R. § 1625.2, the regulation governing the reopening of classifications subsequent to the issuance of an order to report for induction.

Nor do we think that the actual birth of the registrant's child entitles him to the fatherhood deferment. While § 1622.30(c) (3) speaks specifically only

to the situation of a deferment because of unborn children, we believe it evidences a general regulatory scheme to grant fatherhood deferments to only those individuals who, at the time of the issuance of their order to report for induction, have children or have notified their local board of their wife's pregnancy. Since the regulations permit the fatherhood deferment to be granted upon notification of conception, we think it understandable that the regulations do not specifically prohibit the granting of the deferment upon the birth of a child after the issuance of an induction order. The regulations obviously recognize the close relationship between pregnancy and birth and do not intend that these events should be considered separate justifications for the fatherhood deferment.

The order of the District Court is reversed. The case is remanded to that court for further proceedings consistent with this opinion.

---

2. We consider the scope of the fatherhood deferment and applicable regulations as of the time of the relevant events in this case. The deferment has subsequently been suspended. See, Ryan v. Hershey, 445 F.2d 560 n. 11 (8th Cir. 1971).

3. This case does not involve the III-A hardship deferment. 32 C.F.R. § 1622.-30(b) [now 32 C.F.R. § 1622.30(a)].